## POPLE v. OREKAR.

### SYLLABUS BY THE COURT.

1. An application for extension of time to settle and sign a bill of exceptions made within ten days of the return day violates the provision of section 4505, Code 1915, and where an extension of time has been allowed within said ten-day period, and a bill of exceptions settled pursuant to such order of extension of time, it must be stricken on proper motion therefor.

P. 309

2. A demurrant waives his right to object to an adverse ruling on his demurrer by proceeding to trial on the merits or by subsequently pleading over to the merits.

P. 310

3. In every amendatory or supplemental pleading filed by a party, it is necessary for him to therein restate his entire cause of action, defense, or reply, and all matters set forth in his original pleading and not carried forward into his amendatory or supplemental pleading are abandoned.

P. 311

4. Where the appellant complains of the fact that the court omitted to make findings of fact, but did not call this omission so to do to the attention of the trial court, the point is not available in this court.        P. 311

### On Motion for Rehearing.

5. Where there is substantial evidence to support the verdict or judgment, or the findings of the court, further inquiry in this court will not be had.

P. 319

6. The general rule is that parol evidence cannot be received to contradict, vary, add to, or subtract from the valid written terms of a contract.

P. 314

7. If a written instrument fails to state the entire consideration, the same may be shown, and if the consideration stated is in ambiguous terms, or if it is clear that the whole consideration is not stated, the true consideration may be proved.

P. 318

8. Oral evidence is admissible for the purpose of impeaching a written instrument for false or fraudulent representations, upon the faith of which the contract was entered into.

P. 318

9. The pleader is not required to anticipate defenses.

P. 318

Appeal from District Court, Colfax County; T. D. Leib, Judge.

Action by George W. Pople against John Orekar. From judgment for plaintiff, defendant appeals. Affirmed.

J. LEAHY of Raton, for appellant.

L. S. WILSON of Raton, for appellee.

Pople v. Orekar, 22 N. M. 307.

## STATEMENT OF FACTS.

This is an action in equity to foreclose a mechanic's lien, arising in connection with the erection of a two-story brick building in the city of Raton. Appellant demurred to the complaint, subsequently answering and setting up a counterclaim and alleged waiver of the lien, to which appellee replied, asserting an absence of consideration for the waiver and fraud in its procurement. To the reply appellant demurred, but did not in this demurrer or the demurrer to the complaint raise a jurisdictional question. The demurrers were overruled by the trial court, and the parties proceeded to trial before the court, which resulted in a judgment for appellee for the sum of $341.81 and attorney's fee in the sum of $50, from which judgment and decree the defendant, appellant here, appeals.

## OPINION OF THE COURT.

HANNA, J. (after stating the facts as above.)—[1] The appellee moves to strike the bill of exceptions because an order of the trial court filed upon the 4th day of December, 1915, extending the time for signing and settling the bill of exceptions to the 6th day of December, 1915, and further an order of the court granting the defendant an extension of time within which to file the transcript of record in the Supreme Court until the 17th day of December, 1915, were improvidently entered, and not within the statutory requirements governing such extensions of time, the return day having been previously extended to the 7th day of December. The further point is made that the notice served upon appellee of the intention of appellant to apply to the trial judge for the signing, sealing, and settling of the bill of exceptions was not served in conformity with the statute, in that the day fixed for settling, signing, and sealing the bill of exceptions was only three days prior to the return day, which was December 7, 1915, and further because the notice was dated November 27, 1915, and received by the attorney for appellee on the 29th day of November, 1915, but that no transcript of record was filed in the

cause with the clerk of the court prior to the 30th day of November, 1915, or four days prior to the date fixed for the hearing upon the application to have the bill of exceptions signed, sealed, and settled.

It appears that the several objections were raised and exceptions taken to the action of the trial court in making the orders referred to. The statutes governing the question under consideration were fully considered by this court in the case of Costilla Land & Development Co. et al. v. Robert Allen et al., 17 N. M. 343, 128 Pac. 79, and it was there pointed out that section 2 of chapter 120, Laws 1909, appearing as section 4490, Code 1915, only authorizes an extension of time within which to file a complete transcript, and under this section no authority exists for extending the time for settling and signing the bills of exceptions. By section 4 of chapter 120, S. L. 1909, appearing as section 4505, Code 1915, authority was granted the trial judge, or, in his absence from the state, any other district judge, to extend the time for settling and signing the bills of exceptions, application for which extension of time, however, must be made at least ten days prior to the return day.

There is no question in the case under consideration but that the extension of time to settle and sign the bill of exceptions was made within the ten-day period immediately preceding the return day, and the order was therefore violative of the provisions of section 4505 of the Code, for which reason the motion to strike the bill of exceptions must be granted. See Price et al. v. Toti et al., 16 N. M. 1, 113 Pac. 624.

[2] There are numerous assignments of' error, most of which depend upon the bill of exceptions, and therefore cannot be considered. Appellant, however, urges that the trial court committed error in overruling demurrers to the complaint and the reply. It is axiomatic, however, that a demurrant waives his right to object to an adverse ruling on his demurrer by proceeding to trial on the merits or by subsequently pleading over to the merits. 31 Cyc. 746; B. S. Green Co. v. Blodgett, 159 Ill. 169, 42 N. E. 176, 50 Am. St. Rep. 146.

Pople v. Orekar, 22 N. M. 307.

[3] Appellant next argues that plaintiff was estopped from alleging in his reply a different time of payment of the money alleged to be due him than he alleged in the complaint, and further discusses several other grounds of alleged estoppel. We fail, however, to find any assignment of error raising the question of estoppel, and therefore will not consider these alleged grounds of error.

The next proposition argued by appellant predicates error on the action of the trial court in overruling the motion of defendant to strike an amendment to plaintiff's reply, for reasons stated in said motion. The only grounds of the said motion necessary to consider have to do with the alleged failure of said pleading to set forth all the matters relied upon by way of replication to the answer. In other words, the so-called amended reply sought to supplement the original reply, and did not restate all the matter contained in the first pleading filed as a reply. In Albright v. Albright et al., 21 N. M. 606, 157 Pac. 662, this court held that in every amendatory or supplemental pleading filed by a party it is necessary for him to therein restate his entire cause of action, defense, or reply, and all matters set forth in his original pleading and not carried forward into his amendatory or supplemental pleading are abandoned. Therefore there could not be error, so far as this appellant is concerned. A failure to comply with the statute would, as stated, simply operate as an abandonment of the original pleading; therefore we find no error in the matter complained of.

[4] It is next assigned as error that the court refused to make specific findings of fact and conclusions of law requested by defendant. That the court did so refuse is apparent from the record, but we cannot, in the absence of a bill of exceptions, pass upon the alleged erroneous action of the trial court in this respect, because we have none of the evidence before us, and are not able to judge whether the findings of fact tendered and requested were improperly refused or not. This being true, the conclusions of law which necessarily were based upon the findings of fact cannot be passed upon by this court,

and we therefore cannot sustain either contention of appellant.

In the same connection it is argued that it was the duty of the trial court to find the facts and give its conclusions of law pertinent to the case, which the trial court failed and refused to do. We find no evidence of the failure of the trial court in this respect, except so far as it appears that the trial court refused to give the findings of fact and conclusions of law tendered by the defendant. In the case of Enderstein v. A., T. & S. F. Ry. Co., 21 N. M. 548, 157 Pac. 670, this court recently held that, where the appellant complains of the fact that the court omitted to make findings of fact, but did not call this omission so to do to the attention of the trial court, the point is not available in this court. In other words, the appellant cannot be heard to claim the benefit of an alleged error in an omission by the trial court where he did not direct the attention of the court to such omission by the necessary request that the court make the findings and conclusions called for by the statute. It is true in this case the appellant did tender certain findings of fact and conclusions of law. But these were not deemed proper to be given and were refused. No further request was made by appellant for additional findings by the trial court, and no other findings were tendered or called for. We therefore find no error in the record in this respect.

The judgment of the lower court is affirmed; and it is so ordered.

ROBERTS, C.J., and PARKER, J., concur.

## ON MOTION FOR REHEARING.

HANNA, J.—Appellant urges a number of grounds in support of his motion for rehearing, the first 11 grounds stated covering substantially the same question, which, briefly stated, is predicated upon the following facts, viz.: That the court overlooked the fact that at the time of the oral argument the motion to strike the bill of exceptions and to dismiss the appeal had been denied, for which reason this court was precluded from again entering upon a consideration of the question, and by reason of the further

fact that appellee, having filed a brief upon the merits, had waived his right to again urge the alleged defect in the appeal, giving rise to the motion to strike and dismiss, and that therefore this court could not enter upon a reconsideration of the question as called upon to do by a supplemental brief of appellee filed July 20, 1916, again raising the alleged defects in the record.

In our opinion we held that the application for an extension of time within which to settle and sign the bill of exceptions must not be made within ten days of the return day, and that the bill of exceptions in this case must be stricken because such application had been made within the period of ten days, and therefore violated the provisions of section 4505, Code of 1915.

We assume that December 7, 1915, was the return day in this case. It had been fixed as the return day by stipulation, and by the order of the district court made and entered on the 4th day of October, 1915, at Tucumcari, N. M. It is now contended that this date was the time fixed for signing and settling the bill of exceptions only, and this contention finds some support in a later order of the trial court, entered on the 6th day of December, 1915, in which order the trial court granted "the defendant an extension of time within which to file the transcript of record or certified copies thereof in the Supreme Court of New Mexico," fixing said extension of time "as December 17, 1915."

This court assumed that the trial court and counsel understood the term "return day" to mean just what the statute intended it should mean, and what is commonly understood by this court and counsel generally to be the meaning of the term. The several orders and motion, upon careful examination, would possibly indicate that the counsel in the court below did not have the meaning of the term "return day" clearly in mind. It was evidently assumed that the extension of time to December 7, 1915, was for the purpose, and the purpose only, of settling and signing the bill of exceptions. The last order of the trial court evidently sought to correct the inadvertence of counsel and extended the return day to the

17th of December, without designating the later date as the return day. In view of the confusion which has existed in the treatment of this particular matter by both trial court and counsel, it is deemed advisable to reconsider our action in striking the bill of exceptions and to give consideration to such assignments of error as we have heretofore declined to consider upon the ground that the bill of exceptions was not before us, and we will therefore take up a consideration of these in their order.

[6] The first point relied upon by appellant in his brief, which has not been given consideration in our former opinion, is that the trial court erred in overruling the objections of defendant to testimony of the witnesses Jaramillo and Romero, because such testimony was offered for the purpose of proving a verbal agreement between the litigants, entered into prior to the making of the written contract. While appellant's contention in this respect is not clear, it must be based upon the ground that the alleged verbal agreement became merged in the written contract.

The conversation testifed to dealt with an understanding between the parties to the litigation, had before a written contract between them was entered into, and, over the objection of the defendant on the ground that the former understanding was immaterial, the court permitted the testimony to be given upon the theory that the alleged written contract related back to the previous verbal understanding. The record, however, further discloses the fact that the alleged written contract, which was set out in the answer of defendant, had been abrogated by agreement of the parties, and a subsequent verbal contract entered into, which was the contract referred to in the complaint, and which was substantially the same as the first parol agreement. By reason of this issue between the parties as to what contract had been entered into by the parties, it would become evident that the conversation before employment, as testified to by the witness Jaramillo, would be important in throwing light upon the undertaking or agreement, which was finally entered into, and therefore this evidence became material.

The same conclusion applies to the testimony of the witness Romero.

The next error assigned is the refusal of the trial court to admit certain evidence of defendant, offered to prove a bar account of the plaintiff; it being contended that defendant laid a proper foundation for the introduction of this evidence by showing that certain charge slips were made by a bartender, Ely Markovich, who could not be produced. It appears from the record that Markovich made charges on slips of paper which the defendant had totaled and entered in a book in his possession at the time he was seeking to testify, and from which he attempted to give evidence. The statement of counsel for defendant was as follows:

"Defendant excepts to the ruling of the court, and now offers the testimony of the witness as to the entries made by Mr. Markovich and transferred by this witness to the books attempted to be offered in evidence and offers the books. And further offers to have the witness refresh his recollection of the charges made against plaintiff as made by this witness and copied from the original entries, and then testify from memory."

The court ruled that the books could not go in evidence unless the original entries upon which they were based should go in with them. The statute under which the defendant was evidently attempting to proceed was section 2187, Code 1915, which reads as follows:

"In the trial of civil causes in the courts of this state, the books of account of any merchant, shopkeeper, physician, blacksmith or other person doing a regular business and keeping daily entries thereof, may be admitted in evidence as proof of such accounts upon the following conditions:

"First. That he kept no clerk, or else the clerk is dead or inaccessible.

"Second. Upon poof, the party's oath being sufficient, that the book tendered is the book of original entries.

"Third. Upon proof, by his customers, that he usually kept correct books.

"Fourth. Upon inspection by the court to see if the books are free from any suspicion of fraud."

It is clearly evident that there was no real attempt to comply with the terms and conditions of this statute; for

which reason we find no error in this ruling of the trial court. There was no evidence tending to explain why the clerk who had made the original entries could not be produced, nor why the original book of entries could not be produced, nor that the account as produced was correct, and in other respects the testimony failed to show any real compliance with the statute upon this subject.

The next point assigned as error by appellant is that the evidence of the witness Herbert Finkle was improperly admitted over the objection of the defendant, because the written contract could not be abrogated by this evidence. This contention loses sight of the fact that plaintiff claimed a verbal contract for personal employment to supervise the construction of the building, which, plaintiff contends, had been abrogated. The testimony of the witness tended to prove plaintiff's contention, and was therefore clearly admissible. It indicated that defendant had assumed charge of the work, and was employing labor and fixing wages, and thereby demonstrating that the written contract had been abrogated.

The next point argued is that the trial court was in error in rendering the decree because the court had no jurisdiction so to do, since the only ground for equity jurisdiction was the allegation of the alleged lien, and the defendant's waiver of the same was presented to the court prior to the time the court attempted to take jurisdiction, and try the cause without the aid of a jury, thereby depriving defendant of his right to have said facts tried by a jury. It does not appear that this point was presented by the assignments of error of appellant, and we have searched the record in vain to find where the point was called to the attention of the trial court. The brief of appellee is silent upon this point. but our examination leads us to conclude that there is absolutely no merit or basis for this contention.

The next error assigned is that the decree is erroneous because it is apparent from the amount thereof, and which is practically all that plaintiff sued for, that no allowance was made the defendant as an offset for the damages sustained for plaintiff's failure to fulfill his part of the con-

ditions in said written contract, and that said decree failed to allow the defendant any offset whatever as set forth in the counterclaim of his answer. It appears from the record that the amount sued for was $492, and interest, while the amount recovered was $341, so that the essential ground of plaintiff's complaint in connection with this alleged error is not well taken; as it is evident that something was allowed in the way of an offset. It is not for this court to weigh the evidence, but, as has been so frequently said as to require no citation of authority, where there is substantial evidence to support the verdict or judgment, or the findings of the court, further inquiry in this court will not be had. Wade's New Mexico Appellate Procedure, § 499.

The next four assignments of error deal with an alleged waiver of the mechanic's lien, which is the basis of the suit. It is first contended that evidence was improperly admitted tending to show fraud by misrepresentation in procuring the waiver; that plaintiff made no request to have the waiver set aside; that the waiver was not sufficiently pleaded; that the alleged misrepresentation did not constitute fraud; and that the pleadings should have been amended in order to give the court jurisdiction to pass upon the alleged waiver. It appears from the evidence that the plaintiff below, appellee here, before the completion of his work upon the building, executed a waiver of his lien, his testimony disclosing that he did this upon representations by the defendant, appellant here, that it was necessary to borrow money and place a mortgage upon the property in order to secure funds to complete the work, and that after he secured the funds he would pay the money due the plaintiff. His agreement so to pay the amount due is relied upon as the misrepresentation constituting fraud. It is also urged by appellee that there was no consideration for the waiver, and that the expressed consideration of $1 was not paid. The alleged waiver of the lien was signed after the employment of the plaintiff, and the employment was in no way conditioned upon the execution of the waiver of the lien. There is no controversy between the parties that the me-

chanic's lien could be waievd. It is simply contended that there is no consideration for the alleged waiver in question, or, if consideration existed, it has failed by reason of the alleged bad faith or fraud of the defendant.

[7] The statement of the several assignments of error, though somewhat confusing and apparently presenting difficulties, is, in our opinion, resolvable into the one question of whether or not parol testimony can be introduced to show the real consideration for the written contract or waiver of the lien. The general rule is that parol evidence cannot be received to contradict, vary, add to, or subtract from the valid written terms of a contract. This rule, however, is subject to the exceptions that, if a written instrument fails to state the entire consideration, the same may be shown, and if the consideration stated is in ambiguous terms or if it is clear that the whole consideration is not stated, the true consideration may be proved. Jones on Evidence, § 468. The same author also states the rule to be that the real consideration may be proved, although different from that expressed in the writing, unless the parol testimony tends to change the contract itself, in which event parol evidence is not admissible. To the same effect, see, also, Wigmore on Evidence, § 2433; volume 3, Ency. of Evid. pp. 401, 402; 9 Cyc. 368; 6 A. & E. Ency. of Law, 767.

[8] If the evidence objected to does not go to the matter of proving the true consideration, but is solely to be considered as evidence of misrepresentation amounting to fraud, we find that the evidence would nevertheless be admissible, upon the ground that oral evidence is admissible for the purpose of impeaching a written instrument for false or fraudulent representations upon the faith of which the contract was entered into. That this is an exception to the general rule as to the admissibility of oral evidence affecting the terms of the written instrument finds support in Abbott's Proof of Facts, p. 562, and in the authorities there cited.

[9] We deem it unnecessary to further consider the question raised by the several assignments of error referred to, further than to say that the objection that the

waiver was not sufficiently pleaded is not well taken. It is a well-established principle of pleading that the pleader is not required to anticipate defenses. 31 Cyc. 109.

[**5**] The next assignment of error is that a judgment or decree in any amount for plaintiff would be erroneous because of insufficient evidence to support the same. An examination of the record, however, clearly shows substantial evidence to support the judgment of the lower court, and it will therefore not be disturbed by this court.

Finding no error in the record, or the bill of exceptions, we adhere to our former judgment, which is that the judgment of the lower court be affirmed; and it is so ordered.

ROBERTS, C.J., and PARKER, J., concur.