**43 P.(2d) 924**

## TIMBERLAKE v. COX BROS., Inc.

### No. 3981.

Supreme Court of New Mexico.

April 15, 1935.

Holt & Holt, of Las Cruces, for appellant.

E. C. Wade, Jr., of El Paso, Tex., for appellee.

ZINN, Justice.

Appellee sued to recover the balance due on a promissory note. He alleges this note was made, executed, and delivered to him by appellant corporation, in payment of 43 head of two year old registered Hereford bulls. At the time of the execution of the note in suit, Hal R. Cox was president of the appellant corporation, which fact was known to Timberlake.

It appears that following verbal negotiations between appellee and Hal R. Cox, appellee delivered these 43 head of registered Hereford bulls to Hal R. Cox and A. B. Cox at Turquoise, N. M., on April 30, 1931. At that time, Hal R. Cox prepared and delivered to appellee the note in suit in the amount then agreed upon as the purchase price of said bulls. The deal was closed in the shipping yards at Turquoise. Hal R. Cox signed it, "Cox Bros., Inc., by Hal R. Cox." A. B. Cox, treasurer of the corporation, was present at the time.

Timberlake knew of no limitation on the authority of Hal R. Cox to sign the note for the corporation. He did not know where the bulls were to be put. The bulls were accepted at Turquoise. Delivery was there made.

The bulls were immediately moved from the railroad at Turquoise in an easterly direction by A. B. Cox to a ranch known as the Y. L. E. Bar, owned and operated by a partnership composed of Hal R. Cox, A. B. Cox, and J. Eckert Stablein and acquired by them a short time before the execution of the note.

In the court below, appellant contended and offered to prove that the note in suit was not its note. It claimed it had never authorized the same to be executed; that the note was the obligation of Cox Brothers, a copartnership which was formed in March, 1931, by Hal R. Cox, A. B. Cox, and J. Eckert Stablein, who operated the Y. L. E. Bar Ranch, and the corporation not having received the bulls, there was a failure of consideration for the note.

At the time of the making of the note and for some time prior thereto, the appellant corporation styled "Cox Bros., Inc.," was in existence. The stockholders therein being Mrs. Margaret Z. Cox, her three sons, Hal R., James W., and Albert B. Cox, and a son-in-law, J. Eckert Stablein. This corporation owned and operated the Cox Ranch, sometimes referred to as the San Augustin Ranch. The partnership, like the corporation, was a "family affair."

Appellee Timberlake, at the time he sold and delivered the 43 head of Hereford bulls, knew nothing about the formation of the partnership and its operation of the Y. L. E. Bar Ranch. He believed that Hal R. Cox was acting for the corporation. He acted upon that belief and delivered the bulls, as he believed, to the corporation.

The cause was heard before the court; trial by jury was waived by both parties. The trial court held that Hal R. Cox was duly authorized to execute the note on behalf of the corporation and found for appellee. Final judgment was rendered accordingly, from which judgment this appeal is prosecuted to this court.

Appellant assigns many claimed errors. These assignments are based upon the refusal of the court to admit proof offered by appellant corporation to show that the note was not its note; that Hal R. Cox signed the same without authority; and failure of consideration.

■ Counsel for appellant contend that inasmuch as the appellant denied the execution of the note under oath, and denied any authority in Hal R. Cox to bind it, the court erred in not permitting Hal R. Cox to testify that in signing the note "Cox Bros., Inc., by Hal R. Cox," he intended the same as the obligation of the partnership and not that of the appellant corporation.

It seeks justification in its offer of proof in Comp. St. 1929, § 105-520. Having denied its signature under oath, appellant argues it should be permitted to show that Hal R. Cox inadvertently signed the same in its behalf when he intended to bind the partnership, and furthermore, Hal R. Cox being without authority to bind the corporation, the note was wholly inoperative under the provisions of Comp. St. 1929, § 27-129.

With such contention we cannot agree. Appellant does not claim that Hal R. Cox

forged its signature to the note. The note on its face shows that it was made, executed, and delivered by the corporation acting through Hal R. Cox, who, at the time of the execution of the note, was its president. This note was signed in the presence of A. B. Cox, the treasurer of the corporation. Both being directors of the corporation.

■ The testimony shows that early in 1930, appellee Timberlake sold 51 head of registered bulls to Cox Bros., Inc., and accepted two notes ,from the corporation to evidence the unpaid purchase price, one for $3,000 and one for $3,375, both signed, "Cox Bros., Inc., Hal R. Cox, President." The two notes were afterwards paid by the corporation to Timberlake.

Hal R. Cox, for some time prior to the day the note in issue was executed, had been accustomed to sign engagements of appellant in the form, "Cox Bros., Inc., by Hal R. Cox, President." Appellant contends that in signing the note in suit he had no thought of acting for or binding defendant, but did intend to bind the partnership, and that the inclusion of the abbreviation "Inc." was inadvertent. This undisclosed intention had never been communicated to Timberlake. If it was a mistake, it was not a mutual mistake, and to have permitted Cox to so testify would have been to vary the plain, unambiguous terms of the note by parol evidence. This court has denied the admission of evidence offered to vary the terms of a written instrument by parole. Pople v. Orekar, 22 N. M. 307, 161 P. 1110.

The instant case presents no exception. There was no ambiguity in the note as contended for by appellant.

True Hal R. Cox did not affix to his signature on the note his title "President." That is immaterial. Appellant offered to prove want of authority in Hal R. Cox to bind the corporation. This evidence was admitted and apparently rejected by the court.

The record already discloses that Hal R. Cox was not only president of the corporation, but had signed other notes for the corporation in the purchase of cattle from the appellee prior to this transaction, which notes had been paid. The record also shows that it was the general custom in the cattle business for the president of a cattle corporation to sign notes evidencing the unpaid purchase price of cattle. The record also shows that appellee knew of no limitation on the right of Cox to bind the corporation. Hal R. Cox was held out to the world as president of the corporation, with apparent power to buy the bulls belonging to appellee. He and A. B. Cox, the treasurer of the corporation, were present at Turquoise when the bulls were delivered and the note made. We can repeat here what we said in McKinley County Abstract & Investment Co. v. Shaw, 30 N. M. 517, 239 P. 865, 867, as applicable: "Whether the court inferred the actual possession of power from appellant's conduct, or whether he deemed the conduct of the appellant such as to estop him from denying the power, we do not know."

■ Letters written after the execution of the note to Timberlake by the corporation

and Hal R. Cox, and in evidence, did not sustain the contention of appellant that the note was not its obligation. There was, furthermore, no prompt disavowal of the note by the corporation. The appellant on the contrary not only failed to disavow its obligation, but on October 25, 1931, in a letter to appellee, asked for an extension of the due date on said note for a period of six months, which request was on stationery of the corporation, signed, "Cox Bros., Inc., by Hal R. Cox." On June 15, 1932, again on e corporation stationery, it sent its own check covering interest. Other correspondence and evidence in the record clearly shows that the note, in so far as Timberlake is concerned and was led to believe, was the note of the appellant to whom Timberlake had sold the bulls and from whom he received the note.

In the case of Western Homestead & Irrigation Co. v. First National Bank of Albuquerque, 9 N. M. 1, 47 P. 721, 723, the Territorial Supreme Court of New Mexico said: "It would be contrary to sound principles of law, and a travesty on justice, to hold that an officer of a corporation may enter into a contract in good faith with an individual for the transfer to it of valuable property, hold and keep it, and then decline to pay for it, because, forsooth, the officer so entering into the agreement did not have special authority to make and sign the contract conferred on him by the provisions of its secret by-laws."

In the instant case, however, Hal R. Cox admitted that, as president of the corporation, he had on many occasions signed many papers, notes, and obligations of the appellant corporation. He was apparently acting with authority when he bought the bulls and signed the note. The trial court did not err in so holding.

As to appellant's contention that there was a failure of consideration, we are not impressed. The bulls were delivered to Hal R. Cox, president, and A. B. Cox, treasurer, of appellant corporation. The note purports to be that of the corporation. Timberlake was led to believe he was dealing with the corporation. The bulls were delivered to the corporation, its note was given evidencing the purchase price, and the note has not been paid in full. The mere fact that the bulls were taken to the partnership ranch does not change the situation.

We find no merit in any of the appellant's contentions, and no error in the judgment.

The judgment will be sustained.

It is so ordered.

SADLER, C. J., and HUDSPETH, WATSON, and BICKLEY, JJ., concur.