394 P.2d 596

Travis J. MURCHISON, Plaintiff-Appellant,

v.

ALLIED VAN LINES, INC., Defendant-Appellee.

No. 7473.

Supreme Court of New Mexico.
Aug. 3, 1964.

Courtney Vallentine, Albuquerque, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, James A. Parker, Albuquerque, for appellee.

COMPTON, Chief Justice.

This action deals with the loss of property in interstate shipment. The applicable statute is 49 U.S.C.A. § 20(11).

The shipper charges that the carrier negligently failed to deliver certain household furniture of the value of $1,065.00 intrusted to it in New Berlin, Wisconsin to be delivered to Albuquerque, New Mexico. Issue was joined and, from a judgment awarding the shipper judgment based on 30 cents per pound of the goods not delivered by the carrier, he appeals.

Attached to the complaint and denominated Exhibit 1 is the shipper's copy of a

bill of lading dated May 4, 1962. At the trial the original bill of lading signed by the shipper was offered by him and was admitted into evidence without objection. The trial court found that the bill of lading constituted the contract governing the shipment and that the shipper's failure to declare the full actual value of the goods to be shipped limited the carrier's liability to 30 cents per pound of the goods not delivered by reason of the release value provisions expressed in the bill of lading.

The bill of lading contained the following conditions:

"1. RATES, RULES AND REGULATIONS IN ALLIED VAN TARIFF 85-C Sec. 2 in effect on date hereof;

\* \* \* \* \* \*

"3. SHIPPER DECLARES VALUE OF ENTIRE SHIPMENT to be *undeclared* and RELEASES AND LIMITS VALUE AND LIABILITY as provided in Section 1 of Contract Terms ON REVERSE SIDE hereof." Section 1, in part, provides:

"The carrier shall be liable for the actual loss or damage of or to any article \* \* \* while being carried or held in storage-in-transit, arising or resulting from any external cause other than an act, omission or order of the shipper, owner of the goods, or a civil or military authority, provided that the shipper has declared in writing upon the bill of lading the full actual value of the entire shipment; otherwise, the liability of the carrier for loss or damage to any such article shall be released and limited:

"(a) To 30 cents per pound of the weight of the lost or damage article if the shipper has failed to make any declaration of the value in writing upon the bill of lading; \* \* \*"

The following was also stated in bold faced type in the bill of lading:

"NOTICE: UNLESS A GREATER VALUE IS DECLARED, LIABILITY IS LIMITED TO 30 CENTS PER POUND OF AND FOR EACH ARTICLE LOST OR DAMAGED." In addition, immediately above the shipper's signature the following appears:

"I hereby make foregoing declaration and release of value and agree to foregoing contract, terms and conditions."

■ Appellant contends on appeal that appellee was charged with the affirmative duty of pleading and proving compliance with the Federal statute, supra, with regard to the filing of tariffs in order to limit its liability to less than actual loss. On the record, we do not agree. The action was founded on negligence; and, having introduced the bill of lading into evidence,

he relied on its authenticity. He, therefore, is in no position to urge noncompliance.

■ The court took judicial notice of tariffs and rates filed by appellee with the Interstate Commerce Commission pursuant to 49 U.S.C.A. § 20(11) and this ruling is challenged here. We find the attack without merit. What we have just said disposes of this question. Nevertheless, the court had before it appellee's tariff filed pursuant to 49 U.S.C.A. § 20(11), in which the court found that the following appeared:

"Rule 3—Declaration of Value

"(a) Shippers are required to state specifically, in writing the agreed or declared value of the entire shipment, except as provided in Paragraph (b).

"(b) If shipper fails to declare the value of the entire shipment in writing upon the bill of lading, the liability of the carrier for loss or damage to any article carried or held in storage in transit pursuant to this tariff shall be released and limited to 30¢ per pound of the weight of the lost or damaged article.

"(c) If the value of the entire shipment declared by the shipper is in excess of 30¢ per pound but less than the full actual value of the entire shipment, the liability of the carrier for loss or damage to any article shall be released and limited to a proportion of the declared value of the entire shipment, represented by the percentage which the full actual value of the lost or damaged article bears to the full actual value of the entire shipment.

"(d) Rates or charges herein based on released value have been authorized by the Interstate Commerce Commission in Released Rates Order No. MC–309 of March 28, 1950, subject to complaint or suspension."

Section 21–1–1(44)(d), 1953 Comp., being our Rule 44(d), provides in part as follows:

"The courts of the state of New Mexico shall take judicial notice of the following facts:

"(3) Public and private official acts of the legislative, executive and judicial departments of this state and of the United States, and the laws of the several states and territories of the United States, and the interpretation thereof by the highest courts of appellate jurisdiction of such states and territories;

\*        \*        \*        \*        \*        \*

"This rule is not intended to be exclusive and nothing herein contained shall be construed to limit or restrict the existing practice with respect to judicial notice."

**450**

■ ˙ While the bill of lading on its face did not contain any schedule of freight rates, the statute clearly authorized the courts to take judicial notice of appellee's tariff 85–C issued by the Interstate Commerce Commission. The shipper was conclusively presumed to know the legal rate according to the tariff filed with the Interstate Commerce Commission. Neither the shipper nor the carrier could have contracted for a different rate. Enderstein v. Atchison T. & S. F. Ry. Co., 21 N.M. 548, 157 P. 670.

The further complaint is made that the court erred in considering answers to certain interrogatories. There was no error in this respect. The record clearly discloses that the answers were not considered by the court.

■ The appellant makes the point that certain findings requested by him were erroneously refused by the court. The requested findings are in conflict with those made by the court and it was not error to refuse findings to the contrary. Herrera v. C & R Paving Company, 73 N.M. 237, 387 P.2d 339.

The judgment should be affirmed, and it is so ordered.

CHAVEZ and MOISE, JJ., concur.