[No. 2850.   Dec. 8, 1924.]

## VAL VERDE HOTEL CO. v. ROSS.

### SYLLABUS BY THE COURT

1. A deed, delivered in escrow and to be delivered to the grantee upon the performance of the conditions imposed in the escrow, becomes the property of, and effective to pass title to, the grantee, as soon as the conditions have been performed, whether manual delivery of the paper has been made or not.

2. Where a false representation induced a stock subscription, but the representation was made true prior to notice of recission by a subscriber, he can no longer rescind or defend against the subscription; there being no injury to him.

Appeal from District Court, Socorro County; Owen, Judge.

Action by the Val Verde Hotel Company, a corporation, against T. J. Ross. Judgment for plaintiff, and defendant appeals. Affirmed and remanded, with directions.

E. W. Dobson, of Albuquerque, for appellant.

James G. Fitch, of Socorro, for appellee.

### OPINION OF THE COURT

PARKER, C. J.    This is an action upon a stock subscription to the capital stock of the Val Verde Hotel Company, resulting in a judgment for the plaintiff (appellee) from which the defendant (appellant) has appealed.

The stock subscription is in the following terms:

"We, the undersigned, subscribe and agree to pay for the number of shares of stock in the Val Verde Hotel Company, set opposite our names, on a basis of 'one hundred dollars per share, to be paid for as follows: Fifty per cent. on or before June 1st, and the balance of fifty per cent. on or before July 1st, 1918; Lots 1, 2 3, 4. 5, & 6, block 45, Stapleton addition, 142x150 feet, donated by C. T. Brown.    Name: T. J. Ross.    Address:　　　　　　　Shares:　　　15."

The defendant answered, admitting the subscription, but denying the donation of the real estate by Brown to the plaintiff, and claiming such false representation by means thereof as to avoid the subscription.    Plaintiff replied, denying that Brown had not donated and conveyed the property to the plaintiff, and denying all false representation.    The court found that at the date of the stock subscription ( April or May, 1918), Brown had not conveyed the property but that on September 28, 1918, he conveyed the same to the plaintiff, and delivered the deed in escrow upon the following terms:

"The enclosed deed is to be turned over to the Val Verde Hotel Company at any time within one year from date, on completion of the hotel building, according to plans and specifications of Trost & Trost: same to be free and clear from all liens and indebtedness of any nature whatsoever."

That within seven months after the date of the escrow, the hotel was completed, free and clear of all liens and indebtedness, but through oversight of the plaintiff the deed was not filed for record until shortly (three days) after the filing of the defendant's answer.

[1] 1. This action was begun February 18, 1920. Long prior thereto, to wit, September 28, 1918, the conveyance was executed and placed in escrow, and within seven months thereafter all of the conditions of the escrow had been performed. It therefore appears that long prior to the bringing of the action plaintiff was entitled to the delivery of the deed by the escrow holder. The deed belonged to the plaintiff, and the grantor no longer had any power or control over the same. Under such circumstances, the delivery of the deed was complete, and title vested in the grantee, notwithstanding the manual delivery of the paper had not been made. 21 C. J. Escrows, § 34; 10 R. C. L., Escrow, § 10; Wilkins v. Somerville, 80 Vt. 48, 66 A. 893, 11 L. R. A. (N. S.) 1183, 130 Am. St. Rep. 908 and note at page 965, where the subject is exhausted.

[2] 2. Counsel for defendant argues that, as the representation in the subscription in regard to the donation of the land was false at the time the defendant signed the subscription, there can be no recovery. We doubt that the representation was to the effect that Brown had already donated the land, but believe that, taking the whole matter together, and in view of what sought to be accomplished by the parties, the word "donated" is to be interpreted as equivalent to the words "to be donated." The object was to give value received for the payment of the subscription, and this was all that was contemplated by the recital in the subscription paper. But, be that as it may, the defendant is still in the wrong. While a fraudulent representation may authorize recision, prompt action being taken of the false representation is remedied and made true before notice of recission is given; the right to rescind or the right to defend against the subscription is lost. In such case there is no injury to the subscriber, and he has no right to complain. See 1 Cook, Corp. (8th Ed.) § 146; 2 Fletcher, Cyc. Corp. § 626; 14 C. J. Corp., § 887; Ship v. Crosskill, L. R. 10 Eq. 73; National Leather Co. v. Roberts, 221 F. 922. 137 C. C. A. 492.

There may be special circumstances in some cases which would modify this general rule, but there are none in this case.

It follows from all of the foregoing that the judgment of the district court is correct and should be affirmed and the cause remanded with directions to proceed accordingly and to enter judgment against the sureties upon the defendant's supersedeas bond, and it is so ordered.

BOTTS and FORT, JJ., concur.