[No. 3142. Dec. 27, 1928.]

OTERO et al. v. TOTI.

[273 Pac. 917.]

George S. Klock and M. J. McGuinness, both of Albuquerque, for appellant.

O. A. Larrazolo, of Albuquerque, for appellees.

## OPINION OF THE COURT

WATSON, J. Plaintiffs in the court below alleged that they were the owners·in fee simple of certain land and improvements, and that they had been such owners and in possession of it for more than eight years. They alleged, further, on information and belief, "* * * that the defendant * * * makes some claim adverse to the estate of these plaintiffs, * * * and * * * that the said defendant, * * * by and through misrepresentation and fraud, produced and secured unto himself some kind of a deed of conveyance purporting to convey to the said * * * defendant * * * some kind of title in, and to the aforesaid described premises, and that by reason of said conveyance, so fraudulently obtained by said defendant, he, the said defendant, does make some kind of claim to the said premises adverse to the estate of these plaintiffs." The prayer was for "* * * judgment establishing their estate * * * against such adverse claims of the defendant, * * * and that * * * defendant be barred and forever estopped from having or claiming any right or title * * * adverse to * * * plaintiffs, and that the title of * * * plaintiffs * * * be forever quieted and set at rest," and for costs and general relief. The answer was a general denial, except as to the fact of making adverse claim.

The court found that a deed dated April 29, 1916, from Mrs. R. B. Delaney and husband to defendant, conveying the property in question, was and is a mortgage to the defendant to secure payment to him of amounts owing by plaintiffs, and that the title of the real estate "is in the plaintiffs." He concluded that plaintiffs were entitled to a decree declaring them to be owners of the legal title, declaring the deed mentioned to be a mortgage, and foreclosing the mortgage for the satisfaction of plaintiffs' indebtedness to the defendant. The decree followed these findings and conclusions. Defendant has appealed.

In addition to the court's findings, we have the admitted fact that the Delaneys had previously contracted to sell the property to appellees, and that the latter had taken possession of it and had continued in occupancy; that appellant came into possession of the contract, made the

final payment, and received the deed. No paper title, however, was shown in appellees.

The evidence on the part of appellees was, in substance, that after they had paid, upon their contract, in $20 installments, the whole principal sum of $1,000, they did not have the money to pay an amount which the Delaneys claimed as interest, and perhaps as taxes; that they applied to appellant to borrow the money from him; that he promised to look after the matter for them, told them that they could settle with him "little by little," and that he would "keep this document (the contract) until you finish paying me." They were aware of the passing of the conveyance in 1916, but fully supposed that they were named therein as grantees, until appellant finally laid claim to the title, about six months before suit. They claim to have repaid to appellant all that he advanced for them to obtain the deed.

Appellant's testimony, was, in substance, that appellees did not in fact complete the payment of principal, but that he had himself made about 15 $20 payments; that appellees, in addition to the sums thus advanced, owed him a $60 grocery bill and $100 which he, as a surety on appellee Jose Otero's note, had been compelled to pay. that Delaney was pressing appellees for payment of the balance ($168), and that he himself had been pressing them to reduce their indebtedness to him; that under these circumstances appellees, rather than lose the property and still remain indebted to appellant, authorized the deed to be made to the latter, in consideration of the $460 or more of indebtedness, and of the $168 still to be paid on the contract; that appellees agreed to pay him $10 per month rent for the premises, together with the taxes and water charges and that the $10 payments upon which appellees relied to establish reimbursement of the sum advanced to obtain the deed were merely rent payments, and that a considerable portion of the agreed rent had not been paid.

Appellant has consistently objected, and here urges, that the complaint is not sufficient to support the latitude of inquiry allowed at the trial, nor the relief awarded. This contention we feel constrained to sustain. The mis-

take of the pleader was in planting his suit as one to quiet title. The evidence which he adduced would have entitled him to the establishment of a trust. The facts, as sifted from the conflicting evidence by the court, made a deed an equitable mortgage, and entitled appellees to redeem. Both of these remedies are well known to equity. But they are not to be had in a statutory proceeding to quiet title, the only issue in which is whether plaintiff has an interest or estate in the property superior to the adverse claim. Such a suit lies only where there is some title to quiet. Williams v. Lusk, 28 N. M. 146, 207 P. 576; Abeyta v. Tafoya, 26 N. M. 346, 192 P. 481; Oliver v. Enriquez, 17 N. M. 206, 124 P. 798.

In a suit to establish a trust, or in one to establish that a deed is an equitable mortgage, the complaint "must contain * * * a statement of the facts constituting the cause of action, in ordinary and concise language." Code 1915, § 4104. It is for a system of pleading setting forth the facts that we abolish forms of action and the separate jurisdictions at common law and in equity. But in our statutory suit to quiet title we have created a form of action. The complaint is not governed by section 4104. In such suits, however, the relief is limited by the statute. A title may be quieted against an adverse claim, but a trust may not be decreed, or a deed declared a mortgage.

It may be conceded that the complaint is sufficient to sustain the relief it prays for, but the evidence failed to warrant that relief, and still less to warrant the relief granted. Appellees having asserted ownership in fee simple, and having failed to prove it, appellant properly demanded that they be non-suited, and properly objected to their being allowed to prove that they were the beneficiaries of a constructive trust, and properly objected to the court entertaining the theory of equitable mortgage. In a suit to quiet title, plaintiff must recover on the strength of his own title. This has been many times laid down. The New Mexico decisions above cited are sufficient authority.

Other propositions urged by appellant need not be considered, since the present judgment must be reversed upon the question of pleading. Murphey Sanitarium v. Trustees, 33 N. M. 284, 265 P. 717. The trial court tried and determined issues not before him. He awarded defendant a foreclosure, the right to which he did not claim, and in effect awarded to plaintiffs a right of redemption which they did not claim. He took an account of indebtedness, while both parties were insisting that there was no indebtedness.

It may well be that the court had true insight into the real facts, and that the decree represents an equitable adjustment. But we must hold that the pleadings will not admit of such a disposition of the case. Plaintiffs failed on the cause of action they alleged, and defendant had no notice of any other. The judgment must therefore be reversed, and the cause remanded, with a direction to dismiss the complaint.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.