**10 P.(2d) 1102**

**ALBARADO v. CHAVEZ et al.**
No. 3624.

Supreme Court of New Mexico.
April 18, 1932.

Riley Cleveland, of Hobbs, for appellant.

Edward D. Tittmann, of Hillsboro, for appellees.

SADLER, J.

The appellant, Ursulita Albarado, hereinafter designated plaintiff, sued appellees, Jacobo Chavez and J. W. Green, hereinafter styled defendants, in the district court of Sierra county, to quiet title to lots 9 and 10 in block 84, original townsite of Hot Springs. The defendants answered, setting up a state of facts substantially as follows: In March, 1925, the defendant Chavez had contracted for the purchase of said lots from plaintiff. Thereafter, and in April, 1929, evidently while said contract was in force, a new contract was entered into between the plaintiff and defendant Chavez as first parties and the defendant Green, as second party, under

the terms of which said first parties contracted the sale of said lots to the latter for an agreed purchase price of $400, of which $100 was paid in cash and the balance payable within 90 days on furnishing of papers showing good title. It was recited that the agreement was subject to the contract of sale theretofore made by plaintiff with defendant Chavez. Papers were to be placed in escrow in First National Bank in Hot Springs pending fulfillment of contract.

It was apparent from contract pleaded that Green was furnishing Chavez the money with which to complete his purchase of the property and was taking title in his (Green's) name, to secure him in the money advanced for such purpose. The answer alleged provision in the contract for a separate escrow deed from Green to Chavez subject to delivery upon the latter's repayment of the money advanced. It further alleged that the full amount of the purchase price had been paid by defendant Green to plaintiff and her deed to him delivered.

The evidence conformed to the allegations of the answer. It appeared, however, that plaintiff's deed to defendant Green had not actually been placed in escrow in First National Bank in Hot Springs as directed in the contract. Instead he had placed it, unrecorded, in his private box in said bank, where it remained until the transaction next related. On August 27, 1929, and upon the furnishing of abstract by plaintiff, the defendant Green paid over the balance of the purchase price to one J. Luskin, as attorney in fact

for plaintiff. Luskin produced a power of attorney from plaintiff, the sufficiency of which to warrant the payment is not questioned. Green thereupon took the deed from his private box in the bank, and placed it of record. It appeared from plaintiff's testimony that her attorney in fact, Luskin, had never accounted to her for the moneys so received.

This appeal is prosecuted from the judgment of the trial court dismissing the complaint with prejudice. The only point relied upon for reversal and presented in the brief is predicated on the court's action in dismissing plaintiff's cause of action on its merits. Unless plaintiff's power of attorney to Luskin were impeached in some manner, and its authenticity and genuineness are conceded, we do not see how the court could have rendered any other judgment than the one actually entered. It is, of course, unfortunate if plaintiff has been defrauded, but, if she has, it is the act of her own agent, for which the defendants should not suffer.

Nor is there merit in plaintiff's contention that proof of delivery of the escrow deed is essential to sustain the decree rendered. She instituted suit in ordinary form to quiet title to property, shown by the evidence to have been in possession of defendant Chavez under one or the other of the two purchase contracts above mentioned, since the date of the first of said contracts. The defendants answered, disputing her right to the relief prayed for, but asked no affirmative relief themselves. Under the proof submitted, it

appeared that the agreed purchase price of the property had been paid either to the plaintiff herself or to her attorney in fact. Under these circumstances, the defendant Green, who paid the purchase price, was certainly vested with the equitable estate and title to the lots in question as against the plaintiff.

The manifest object of plaintiff's suit was to cut off the rights inuring to the defendants by reason of payment to the attorney in fact of the balance of the purchase price. There was no offer either by pleading or proof, even after defendants' rights were set up, to place them in statu quo, or otherwise to do equity. Clearly, under the situation disclosed, it would have been improper for the court to quiet title in plaintiff to lots, the entire equitable ownership of which was in the defendants, or one of them. And this is true, even though the deed be treated as undelivered. Manual delivery of the deed was not necessary to vest a title in the grantee named in it, sufficient to withstand application for the relief sought, if the conditions warranting its delivery had been duly performed. **Val Verde Hotel Co. v. Ross, 30 N. M. 270, 231 P. 702.**

It perhaps should be stated that the decree dismissing the complaint contains only a general finding in favor of the defendants. No special findings were requested. In the view we take of the matter, it is unnecessary to determine whether a finding of delivery of the deed would, if required, be presumed in support of the judgment. It does not need

such a finding to support it. If the deed were not in fact delivered, still the decree declining to quiet plaintiff's title was proper. It should be affirmed. It is so ordered.

PARKER and HUDSPETH, JJ., concur.

BICKLEY, C. J., and WATSON, J., did not participate.