308 P.2d 584

**Joy Cassidy CLARK, Plaintiff-Appellant,**

v.

**Margery Hall Clark PRIMUS, Defendant-Appellee.**

**No. 6088.**

Supreme Court of New Mexico.

March 12, 1957.

Rehearing Denied April 5, 1957.

260

Watson, McIntosh & Watson, Santa Fe, for appellant.

Henry J. Hughes, Santa Fe, for appellee.

COMPTON, Justice.

Appellant brought this proceeding to quiet title to real property formerly owned by Allan B. Clark, her deceased husband, and from an adverse judgment, she appeals.

The facts in dispute are not new to us as this represents the fourth appearance in this court involving the property rights of appellee and the said Allan B. Clark, her former husband, whose death occurred pendente lite resulting in the substitution of appellant as a party defendant, both individually and as the executrix of the Last Will and Testament of Allan B. Clark, deceased. The case first was before us in 1944, Primus v. Clark, (Allan B. Clark) 48 N.M. 240, 149 P.2d 535, in which appellee here sought to cancel a deed executed

by her, allegedly induced by fraud, conveying to Allan B. Clark, her former husband, certain community real property. The basis of the deed is the following contract:

"This agreement, Made and entered into this 22nd day of June, A.D. 1936, by and between Allan Clark, party of the first part, and Margery Clark, his wife, party of the second part;

"That, whereas, the party of the first part, by warranty deed, dated this day, is the owner of a certain ranch and improvements, located at Pojoaque, New Mexico, which said property is described in that certain deed recorded in Book 10, of the Records of Deeds of Santa Fe County page 444; and,

"Whereas, the said Allan Clark and Margery Clark are making what is in the nature of a property settlement, prior to their divorce,

"Now, therefore, in consideration of certain cash moneys which have been divided between the parties by their mutual agreement, and for the consideration of One ($1.00) Dollar paid by the said Margery Clark to the said Allan Clark, the receipt of which is hereby acknowledged, the said Allan Clark agrees for this consideration, and for the other considerations hereinabove mentioned, that if at any time in the future he sells the Jacona Ranch, or any part thereof, he will account to the said Margery Clark for one-half (½) of the selling price. Both parties understand, and specifically agree, that if in selling the ranch, or any part thereof, only a small down payment is made, then one-half (½) of that shall belong to and be the property of the said Margery Clark, and one-half (½) of deferred payments made to be credited to her, as hereinafter set out.

"It is understood and agreed, that the minimum value of the entire ranch as it stands at the time of the signing and ensealing of these presents is Eighteen Thousand Dollars ($18,000.-00), but if any portion of the acreage were sold the said $18,000.00 would be reduced proportionately.

"It is further understood and agreed, that no lump sum of money is to be paid over to the said Margery Clark, and she and the said Allan Clark in case of a sale as aforesaid, shall be deposited to her credit in some good and solvent bank, with instructions to pay the same over to the said Margery Clark at the rate of One Hundred ($100.00) Dollars per month, and not otherwise.

"In the event that the said Allan Clark never sells the Ranch during his lifetime, on his death the said Margery Clark shall be given an undivided one-half interest in the entire ranch.

"Should the said Margery Clark predecease Allan Clark, party of the first part herein, then her interest in the said ranch fails.

"Allan B. Clark, Party of the First Part

"Margery Clark, Party of the Second Part."

While it has no decisive bearing here, the community estate was of the value in excess of $50,000, of which appellee received $1,000. Appellee had no independent legal advice as to her rights in the community when she signed the contract and deed. The parties were divorced June 23, 1936.

A review of that case resulted in a remand to the lower court to determine:

"1. Whether the defendant at the time of the execution of the deed and contract in question had the fraudulent present intent not to perform the contract on his part, and if so

"2. The date upon which such fraud was discovered by plaintiff.

"Also to determine from such facts as it may find, whether plaintiff's cause of action is barred by the statute of limitation or if she is estopped to prosecute her suit by her laches.

"The cause is reversed and remanded with instructions to the district court to set aside the decree, to hear evidence to determine the questions of fact mentioned, and with findings made therefrom, state his conclusion of law as to whether plaintiff's cause of action is barred by the statute of limitation or whether she is estopped to prosecute her action because of her laches; and to enter a decree consistent herewith. It is so ordered."

But upon remand, a supplemental complaint was filed which failed to raise the issues remanded. Issue was joined on new matters presented by the supplemental complaint and at the conclusion of the hearing thereon, the trial judge dismissed the action on the ground that the supplemental complaint constituted an abandonment of the remanded issues. Appellant (appellee here) appealed and we affirmed. Primus v. Clark, 1954, 58 N.M. 588, 273 P.2d 963.

■ The judgments in the cases cited are not res judicata as to issues raised by this appeal. By answer appellee put in issue appellant's claim of title and sought to establish title to an undivided one-half interest in herself. She also asserted five counterclaims which were dismissed upon appellant's motion. At the hearing the trial court held that while appellant held the legal title to the premises, appellee was entitled to an undivided one-half interest therein.

The ruling of the court must be sustained. Allan B. Clark died April 17, 1950. Ap-

pellant is the surviving widow of the deceased; appellee was the first wife of the deceased. Appellee and Allan B. Clark were married January 14, 1919 and were subsequently divorced June 23, 1936. The premises involved were acquired by them during coverture. On June 26, 1936, he married appellant. On January 11, 1949 Allan B. Clark and appellant conveyed the premises to a third party and his wife. The following day the third party and his wife reconveyed the premises to Allan B. Clark and appellant, in joint tenancy.

The trial court found that the conveyances were fraudulently made for the purpose of defeating appellee's interest in the premises but we need not determine this question as both conveyances were voluntary, made without consideration. The conveyances therefore were ineffective and upon the death of Clark, appellee was entitled to her one-half interest in the property as provided by the contract.

Appellee assigns as error the action of the court in dismissing her counterclaims. We have considered this assignment and find no error. The counterclaims, in the main, seek an accounting of the rents, profits, etc., received from the premises. Hence, the issues raised by the counterclaims are unrelated to the title to the premises. This being a statutory proceeding, counterclaims are not within the purview of the quiet title statute, § 22–14–1, N.M.S.A.1953 Compilation. Petrakis v. Krasnow, 54 N.M. 39, 213 P.2d 220, 222; Albarado v. Chavez, 36 N.M. 186, 10 P.2d 1102; Otero v. Toti, 33 N.M. 613, 273 P. 917. Compare McCarthy v. Kay, 52 N.M. 5, 189 P.2d 450.

Other questions have been urged for a reversal of the judgment. These have been disposed of by the conclusion reached or are found to have no merit.

The judgment will be affirmed, and it is so ordered.

LUJAN, C. J., and McGHEE and KIKER, JJ., concur.

SADLER, Justice (specially concurring).

Unless the judgment of the district court of Santa Fe County rendered following a remand of the cause on the appeal disposed of in the case reported as Primus v. Clark, 48 N.M. 240, 149 P.2d 535, be res adjudicata of the issue presented in the complaint which resulted in the judgment for review on this appeal, the defendant (appellee) is not foreclosed by such judgment. It was my first reaction that she was so debarred. An analysis of the pleadings in the cause remanded reported at 58 N.M. 588, 273 P.2d 963, read in the light of our opinion, reported as last above, satisfies me, however, that such is not the case.

264

Just why the present defendant let the earlier case drag along in the courts so interminably after we remanded it following our decision in 48 N.M. 240, 149 P.2d 535, and then when she did get to trial, completely abandon the sole issue the cause was remanded to determine, it is difficult to say. The net result of such delay, however, has found the chief actor on one side of the controversy, Allan B. Clark, dead, and almost two decades of time elapsed since the present defendant, then a plaintiff, first invoked the aid of the courts.

Despite the lapse of time, however, and the tortuous trail trod by the little lady with the blindfold and scales since first given this controversy, we find her arriving at this point in the long journey holding the scales at an even balance as between the parties. The judgment now reviewed says that is where they belong. It thus accords with defendant's share in the real estate as a partner in the community and, at the same time, recognizes the share she was to receive under the contract in the event Allan Clark died, as he did, without having sold it—an undivided one-half interest.

The conclusions announced, above, lead inevitably to a willingness on my part to concur in the result declared in the opinion prepared for the Court by Mr. Justice Compton.