[No. 1411.    December 8, 1911.]

L. CURRENT, B. H. MILLESON and A. M. HUBBARD, suing for themselves and all other persons similarly situated and hereinafter named, Appellants, v. THE CITIZENS' BANK OF AZTEC, NEW MEXICO, a corporation, and the HARTMAN STOCK FARM, a coporation, Appellees.

## SYLLABUS.

1. Amendment of answer by interlineation permissible, but if it was error, it was harmless error.

2. There being substantial evidence to sustain the findings of the lower court the appellate court will not weigh the evidence.

Appeal from the District Court for San Juan County, before JOHN R. McFIE, Associate Justice. Affirmed.

J. M. PALMER and PERKINS & MAIN for Appellants.

Inconsistent defenses are not allowable.   Code, subsecs. 42, 89; Frick v. Joseph, 2 N. M. 138; Staab v. Jaramillo, 3 N. M. 1; Butler v. Kaulbach, 8 Kas. 668.

Warranty.   Shippen v. Bowen, 122 U. S. 575; Union Ins. Co. v. Wilkinson, 80 U. S. 222; Despain v. Ins. Co., 106 Pac. 1027, Kas.; Morehouse v. Comstock, 42 Wis. 626; Cooper v. Schlesinger, 111 U. S. 148; Hodgkins v. Dunham, 103 Pac. 351; Rosenthal v. Rambo, 76 N. E. 404, Ind.

ABBOTT & ABBOTT for Appellees.

Purchaser must show fulfillment of condition before he can hold vendor liable under warranty.   Jasper County Bank v. Barts, 130 Mo. App. 635; Nichols Sheppard Co. v. Rhoadman, 112 Mo. App. 291; J. I. Case Threshing Mch. Co. v. Hart et al, 113 S. W. 488; Smith v. Borst, 63 Barb. 57; Davis v. Iverson et al., 5 S. D. 295.

Laches and estoppel.   1 Paige on Contracts 242; Fire Ins. Co. v. Overholtzer, 172 Pa. St. 228; Kirk & Co. v. Seeley, 63 Mo. App.; Rowell v. Oleson, 32 Minn. 288; Hines et al v. Kiehl et al, 154 Pa. St. 190; Case Thresh. Mch. Co. v. Vennum, 23 S. W. 563; Webster v. Phœnix Ins. Co., 36 Wis. 67; Abbott v. Johnson, 2 N. W. 332; Nichols v. Hall, 4 Neb. 210; Hoover & Gamble v. Doetsch, 45 Ill. App. 631; Davis' v. Gosser, 41 Kas. 414; Rumsey v. Fox et al, 122 N. W. 526; Hodge v. Smith, 130 Wis. 326; N. W. Thresher Co., v. Mehloff et al, N. W. 428; First National Bank of Wamego, Kas. v. Spinner,

43 Pac. 679; Jones v. Wessell, 40 Neb. 116; Viertel v. Smith, 55 Mo. App. 617; 43 Cen. Digest 471; Wasatch Orchard Co. v. Morgan Canning Co., 12 L. R. A., new series, 546; Walters et al v. Akers et al, 101 S. W. 1179.

Unsoundness at time of sale must be clearly proved. Jordon v. Foster, 11 Ark. 139; Miller v. McDonald, 13 Wis. 673; Colchord Mch. Co. v. Loy-Wilson Foundry Mach. Co., 131 Mo. App. 540.

## STATEMENT OF FACTS.

On January 21, 1905, the appellants purchased from the Hartman Stock Farm an imported Percheron stallion, paying therefor the sum of $100.00 cash, and executing their three promissory notes each in the sum of $766.66, payable respectively, one, two and three years after date. About two weeks prior to the consummation of the purchase the stallion in question was taken to the town of Aztec by an agent of the appellee company, and was there exhibited to the appellants. When the horse arrived at Aztec he had a cut or sore just above the hoof on one of his legs. The agent of the stock company informed appellants that the cut was made by a neverslip shoe, a few days before the horse was brought to Aztec. Appellants claim that the agent of the stock company represented to them that the horse was in good health and sound condition and valuable for breeding purposes, and was a fit, sound and healthy animal; that soon after the consummation of the deal and the execution of the notes, the horse became sick and broke out in various places on his legs with sores, similar to the sore alleged by the stock company to have been made with the neverslip shoe. Appellants bred the horse during the season of 1905, and in January, 1906, paid the first note without protest or dispute. They made no offer to return the horse and no demand for a recision of the contract until January, 1907, when the second note became due. At that time the two remaining notes were in the Citizens' Bank of Aztec for collection, and appellants instituted this suit to cancel said notes and to restrain the stock company and the bank from transferring said notes or withdrawing them from the jurisdiction of

the court, alleging that the condition of said horse had been fraudulently and falsely represented to them, at the time of their purchase, knowingly by the stock company's agent. The Hartman Stock Company answered, admitting the representations but denying their falsity and alleged that said horse at the time of the sale was free from disease and suitable for breeding purposes and as represented by their agent. Afterwards, and long prior to the hearing, appellees asked and were granted leave by the court, upon notice to counsel for appellants, to amend their answer by inserting and interlining in their original answer paragraph 9½, setting up the fact that the stallion had been sold to the appellants with no other guarantees save those expressed in a certain bill-of-sale contract, which said bill-of-sale contract was delivered to the appellants at the time the stallion was sold, and making said contract a part of said paragraph of the answer. Appellants answered said amendment. Denied that said bill-of-sale was delivered to appellants and alleged that the only terms and conditions of sale were set forth in the original complaint. The case was tried by the court and finding of facts was made. Among other things, the court found: "That prior to the purchase of said animal the plaintiffs fully and thoroughly inspected the same to their satisfaction; that the horse was in good condition and valuable for breeding purposes at the time of the sale; that the defendants did not make false or fraudulent representations to plaintiffs to induce them to purchase the animal; that the sore or cut on the horse's fetlock was caused after being shod at Durango, and not an old sore; * * * * * * that the animal developed a disease shortly after his purchase by the plaintiffs." Other findings were made by the court, not material, however, to a decision of the errors complained of in this case as we view it.

## OPINION OF THE COURT.

ROBERTS, A. J.—The first alleged error discussed by the appellants is the action of the trial court in permitting appellees to file an amendment to their answer by inserting by interlineation, paragraph No. 9½, setting

up the alleged bill of sale and contract given appellants by the Hartman Stock Company, claiming that such action was in direct conflict with the provisions of sub-section 89 of the Code of Civil Procedure, and that said paragraph 9½ set up matters at variance with the allegations contained in paragraph three of said answer. Sub-section 89 of the Code reads as follows: "In every complaint, answer or reply, amendatory or supplemental, the party shall set forth in one entire pleading all matters which, by the rules of pleading may be set forth in such pleading, and which may be necessary to the proper determination of the action or defense." We see nothing in the section which would preclude the court from permitting the defendant to amend his answer by interlineation, and as the appellants were given time to, and did reply to the matter set up in the added paragraph, we cannot see how any injustice was occasioned by the action of the court in permitting the amendment, and if it was error, it did not harm the appellants, because the court did not base its judgment upon the bill of sale, but upon the fact that the horse was in sound condition and free from disease at the time of the sale. If the amendment resulted in inconsistent defenses, appellants' remedy was by a motion to strike or a motion to elect, and no motion having been made the objection was waived. 31 Cyc. 151.

The remaining assignments of error necessary to discuss, challenge the sufficiency of the evidence to sustain the findings. The court, after hearing the evidence, found that the horse in question was in good condition and valuable for breeding purposes at the time of the sale; that no false or fraudulent representations were made to the appellants to induce them to purchase the animal; that the sore or cut on the horse's fet-lock was caused after being shod at Durango and was not an old sore. While it is' true the several witnesses for the appellants testified upon the trial that the horse became affected with sores on his legs and body shortly after his purchase similar to the sore on his fet-lock at the time of the purchase, four or five witnesses, among whom was the manager of the horse department of the Hartman Stock Company, who had charge of

this horse from the time he was received by the company until his shipment from Ohio to Pueblo, Colorado; the agent of the company at Pueblo, who had charge of the horse until he was delivered to the agent who sold him to the appellants; and the agent who made the sale, all testified that the horse was in sound condition; the first two witnesses testifying that there was no mark or blemish on his leg or fet-lock at the time he was under the care of each of them, and the blacksmith at Durango, who shod him with the neverslip shoes, testified that the horse had no mark or blemish on his fet-lock at the time he was shod, and McGraw, the agent who delivered the horse to the appellants, testified that the blemish on his fet-lock was made by the neverslip shoe the night after the shoes were placed on him. All these witnesses testified that the horse was in good health and sound condition, and as the record discloses that there was substantial evidence to sustain the findings of the lower court, this court will not weigh the evidence. Finding no error in the record, the judgment of the lower court is affirmed.

Pope, C. J., concurs in the result.