[No. 3296.   April 10, 1929.]

[Rehearing Denied June 21, 1929.]

STATE ex rel. PETEET v. FRENGER,
District Judge, et al.

[278 Pac. 208.]

J. F. Park, R. L. Young, and W. C. Whatley, all of Las Cruces, for petitioner.

R. R. Posey and Mechem & Newell, all of Las Cruces, for respondent.

## OPINION OF THE COURT

WATSON, J.   An alternative writ of prohibition was issued, directed to Hon. Numa C. Frenger, district judge, touching his jurisdiction to proceed in a cause in Dona Ana county, wherein Mrs. D. N. Sherman is plaintiff and R. E. Peteet is defendant.   A demurrer on behalf of the respondent has been filed and is now before us for disposition.

The plaintiff in said cause filed her complaint, setting up a cause of action for breach of promise of marriage, and laying her damages at $10,000 for mental suffering. Summons and a copy of the complaint were immediately served upon defendant, relator here.   Thereafter, and before any appearance on the part of defendant, an amended complaint was filed including all of the allegations of the original complaint and some additional allegations, especially including the fact of seduction, for which damages were laid at $2,500, and of expenditures in preparation

for the anticipated wedding, for which damages were laid at $400. This amended complaint was served upon Attorney J. P. Park. He soon thereafter appeared specially for the defendant, disclaiming any acceptance of service or authority to represent the defendant, or to accept service for him, and moved that the amended complaint be stricken and the cause dismissed. Upon that motion the court made a so-called order, in which he found and held "that this court is without jurisdiction of this cause, and that there has been no legal service in this cause on said defendant, sufficient to sustain any judgment herein." The "order" failed expressly to strike the amended complaint, or to dismiss the cause. However, both counsel proceed upon the assumption that such was the effect of the court's "finding and holding." The next step was a motion on behalf of the plaintiff, relator here, to set aside this "order," and to strike the amended complaint. Upon this motion an order was entered vacating the former "order," striking the amended complaint from the files, and giving defendant 20 days in which to plead to the original complaint. Thereupon defendant, again appearing specially, filed a plea to the jurisdiction, which was overruled.

It will be noted that both parties have moved the court to strike the amended complaint. The only difference between counsel is as to the effect of that action. Relator contends that it left nothing before the court to which he could be compelled to plead, or which would give the court jurisdiction to proceed. Respondent contends that it left the original complaint, and the personal service thereon, in full force and effect.

Code 1915, § 4171, provides as follows:

"In every complaint, answer or reply, amendatory or supplemental, the party shall set forth in one entire pleading all matters which, by the rules of pleading, may be set forth in such pleading, and which may be necessary to the proper determination of the action or defense."

Relator contends that it is the necessary effect of this statute that, by the filing of an amended pleading, the original pleading is abandoned by the party and completely superseded. He cites numerous cases, including Albright

v. Albright, 21 N. M. 606, 157 P. 662, Ann. Cas. 1918E, 542; Pople v. Orekar, 22 N. M. 307, 161 P. 1110; Rogers v. Crawford, 22 N. M. 671, 167 P. 273; Klasner v. Klasner, 23 N. M. 627, 170 P. 745; and including, also, decisions from Missouri, from which state the section is said to have been derived. Bremen v. Bremen, 13 N. M. 111, 79 P. 806.

We have read all of the cases cited, but find nothing in them to support relator's position. It is frequently said, broadly, that the filing of an amended pleading is an abandonment of the original, or that the amended pleading supersedes the original or renders it null. The expressions were correct enough in the connection in which they were used. So long as the amended pleading stands, it alone is, no doubt, to be looked to as determining the cause of action or defense and the issues and to support the judgment. But no decision has been brought to our attention holding that the striking of an amended pleading does not leave the original pleading in force, or restore it to its former standing. On the contrary, we find it held in Spooner v. Cady, 4 Cal. Unrep. Cas. 539, 36 P. 104, involving an amended answer, that "an amended pleading which is stricken out on motion does not supersede the original." (Syllabus.) We agree with this conclusion.

No reason is urged by relator in support of his contention except the language of section 4171, and of the courts in construing similar provisions. Neither the language employed in that section, nor its obvious purpose, requires any such result. It simply requires that the pleading upon which a party goes to trial, or obtains judgment, shall be entire. That tends to avoid uncertainty and confusion.

It seems, therefore, that the alternative writ was improvidently issued and should be discharged; and it is so ordered.

BICKLEY, C. J., and PARKER, J., concur.