[No. 3457.   June 1, 1931.]

WEEKS v. BAILEY et al.

[300 Pac. 358.]

R. J. Channell, of El Paso, Tex., and M. A. Threet, of Las Cruces, for appellants.

Knollenberg & Cameron, of El Paso, Tex., for appellee.

## OPINION OF THE COURT

PARKER, J.

This is the second appeal, the first being reported as Weeks v. Bailey, 33 N. M. 193, 263 P. 29. The judgment now appealed from is in accordance with the mandate of this court, except that the damages are now larger. Appellee failed to file the remittitur, as he was permitted to do by the former decision of this court as a condition to the affirmance of his judgment. The cause was accordingly reinstated on the docket for a new trial.

With the leave of the court, appellee filed a so-called supplemental complaint alleging merely that, since the suit had been instituted, appellant had used and enjoyed the premises, and that further damages by way of rents and profits had accrued, for which he prayed judgment, in addition to the relief prayed for in the original complaint. Appellant' did not, by motion or otherwise, raise any question as to this procedure, but simply answered with a general denial. The cause came on for trial, and, upon appellee tendering evidence, appellant objected to it and to any evidence, for the reason "that the supplemental complaint filed March 30, 1929, supplanted the original complaint filed in the cause, and that the allegations contained in the original complaint and not carried forward in the supplemental complaint were abandoned." The objection was sustained.

Appellee then obtained leave of the court to file an amended supplemental complaint, in which he set forth his original cause of action in ejectment and prayed both for possession of the land and for judgment for the rents and profits, thus complying with the requirement of 1929 Comp. § 105-614, that an amendatory or supplemental complaint must set forth in one entire pleading all matters necessary to the proper determination of the action. Appellant moved to strike certain paragraphs of this amended supplemental complaint, which, if stricken, would have left the pleading substantially as it was when appellants' objections to the receipt of any evidence were sustained. The ground of the motion was that the "first amended complaint seeks to inject into the case a suit in

ejectment, which is an entire new cause of action and foreign to the issues raised by the supplemental complaint." Appellant also demurred on the grounds that the first amended supplemental complaint failed to .state a cause of action, and that it set up an entirely new cause of action.

The motion to strike and the demurrer were overruled, and appellant announced that she stood upon them, and the court thereupon heard appellee's evidence and rendered judgment for him. Appellant here contends that the court erred in permitting at the trial the filing of the first amended supplemental complaint, erred in overruling her motion to strike, and her demurrer, and erred in entering judgment upon the first amended supplemental complaint.

In argument appellant's contentions are really reduced to the one question of error in permitting the trial amendment. Unless there is merit in this contention, there is clearly none in the others.

Appellant argues that the trial amendment introduced a new cause of action and was consequently not admissible. His theory is that the supplemental complaint stated merely a cause of action in damages, and that by the trial amendment appellee was permitted to introduce an action of ejectment.

This view cannot be sustained. The only reasonable construction of the supplemental complaint is that appellee sought to tack upon an original complaint certain new allegations, bringing to the attention of the court facts which had occurred since the original complaint was filed. It cannot be construed as stating a cause of action without reference to the original complaint. So, if the supplemental complaint did state any cause of action, it was by virtue of the allegations therein contained, plus the allegations of the original complaint. The substantial effect of filing the first amended supplemental complaint was to render the pleading entire in conformity with 1929 Comp. § 105-614.

But appellant contends that by filing the amended complaint the original complaint was abandoned, and that its allegations and cause of action were superseded and thenceforth out of the case. This contention was answered in State ex rel. Peteet v. Frenger, 34 N. M. 151, 278 P. 208, where we discussed the purpose and meaning of the section mentioned. As there held, the original complaint was still in the case, capable of being restored to standing when something happened to the supplemental complaint. Appellee, being denied the right to introduce evidence under the supplemental complaint, acquiesced in the ruling and tendered an amended supplemental complaint. In effect he withdrew the supplemental complaint, restored the standing of the original complaint, and superseded it by the first amended supplemental complaint. This did not introduce a new issue in the case. It simply stated "in one entire pleading" the cause of action which he had practically, contrary to the procedural requirement, attempted to state in two.

We find no error in the action of the court in allowing the amendment mentioned, or otherwise, and the judgment of the court below will therefore be affirmed, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

SADLER and HUDSPETH, JJ., not participating.