125 P.2d 709

## HOME OWNERS' LOAN CORPORATION
## v. REAVIS.

### No. 4659.

Supreme Court of New Mexico.

April 28, 1942.

Frazier & Quantius, of Roswell, for appellant.

G. L. Reese, Sr., of Roswell, for appellee.

BICKLEY, Justice.

Appellee sued appellant Reavis and others, praying the foreclosure of a real estate mortgage executed by Dorothy Bahringer, deceased, and for deficiency judgment against appellant, and also that its title to the property be quieted, alleging that defendant Reavis (appellant) obtained a deed to the premises from one Warren H. Bahringer, sole heir of decedent, mortgagor, which deed contained a clause whereby the grantee assumed the mortgage aforesaid. Plaintiff alleged that the Bahringers, in violation of the terms of the mortgage, permitted the premises to be sold for taxes, and that appellant procured a tax deed to said property, but that said tax deed received by him is void because it was his contract obligation to pay the taxes under the provisions of the mortgage he had assumed.

The appellant was the only answering defendant.

His answer, in the main, consisted of denials based upon the lack of sufficient information to either affirm or deny, except

that he admitted he obtained title to the property by means of a tax deed.

The plaintiff (appellee) filed a demurrer to this answer which presented the proposition that denials in the manner heretofore mentioned were insufficient and particularly as to the important allegations of Paragraph 5 of plaintiff's complaint which charged the execution and delivery to appellant of a deed to the property, which deed contained the vital clause by which the appellant is said to have assumed and agreed to pay the mortgage and the amount due to the appellee.

The demurrer, not being ruled upon promptly, was abandoned and plaintiff replied to the answer.

This is the way the case stood when the defendant obtained leave to amend his answer by interlineation as he says—a fact sharply challenged by appellee as hereafter noted.

When the case was tried, the plaintiff introduced in evidence abstracts of title which showed among other things the mortgage to the appellee executed by Dorothy Bahringer; a stipulation that said Dorothy Bahringer was dead prior to the commencement of the action; that she was a widow at the time of her death, and that Warren H. Bahringer, one of the defendants, was the sole and only heir at law of said Dorothy Bahringer.

The abstract disclosed a warranty deed from said Warren H. Bahringer and wife to defendant Reavis. This deed was dated and acknowledged June 17, 1936, and filed and recorded June 22, 1936. The abstract also disclosed a tax sale certificate showing the sale of the lands involved for taxes, which certificate was assigned to the defendant Reavis. Also, a tax deed by the County Treasurer of Chaves County to said Reavis.

Plaintiff rested without presenting any further evidence. Whereupon, defendant Reavis "rests upon the title vested in him as disclosed by the abstract and offers no further evidence."

The court made findings of fact closely following the allegations of the complaint, which would be sufficient to fasten upon defendant Reavis an assumption of the mortgage and thus it is claimed by the appellee, erect a barrier to his right to acquire the tax title upon which he relies, although this is disputed by appellant Reavis.

The appellant says that the court erred in making these findings, because: "there being no evidence whatsoever to substantiate such findings."

Other errors are assigned, not necessary now to be mentioned.

The appellee, however, insistently argues that the pleadings present a situation of appellant's (defendant's) failure to deny allegations of plaintiff's complaint, thus affording support for the findings attacked, without any further evidence in support thereof.

Defendant points to the amendment by interlineation to his answer specifically denying allegations of Paragraph 5 of the complaint, which he says casts the burden upon the plaintiff of producing evidence to sustain allegations of its complaint vital to

its recovery, viz., assumption of the mortgage, etc. The record, as we have seen, does not contain any evidence presented by plaintiff showing that the deed in question (which contained a recital that the grantee assumed the mortgage) was delivered to the defendant or that the defendant assumed the mortgage sued on, unless there arises a presumption of the delivery of the deed and assumption of the mortgage from the circumstance of the recordation of the deed which contained a covenant to assume the mortgage.

The precise question as to whether the recordation of the deed containing the assumption clause affords presumptive evidence sufficient to cast the burden upon the defendant of offering evidence that the deed was not accepted by him; that the grantee did not know of the contents of the deed, or that such deed was recorded without his knowledge, is not argued in the briefs.

The plaintiff apparently relies upon his assertion that the amendment by interlineation to the answer containing a specific denial of delivery of the deed and assumption of the mortgage, was made without the knowledge of plaintiff and without the permission or knowledge of the court and that therefore he was misled and lulled into a sense of security as to the sufficiency of the evidence it had offered. This reliance is frequently asserted in appellee's brief.

Defendant just as strenuously asserts that the amendment was made in open court in response to the demurrer to the answer, which demurrer was, as heretofore stated, subsequently withdrawn before any court ruling was made thereon.

This sharp conflict between counsel leaves the case in great confusion, which ought to be cleared up.

■ The mere attack in briefs upon the integrity of the record, with no effort made to obtain a certification of the facts in regard thereto, by the trial judge, is unsatisfactory.

We would, perhaps, therefore, be warranted in ignoring appellee's attack upon the record. Appellee further challenges the sufficiency of the amendment because as he states, an amendment by interlineation is not warranted by our practice, and points to Section 105-614 N.M.S.A.1929, which provides that in every complaint, answer or reply, amendatory or supplemental, the party shall set forth in one entire pleading all matters in which, by the Rules of Pleading, may be set forth in such pleading, and which may be necessary to the proper determination of the action or defense. Appellee overlooks our decision in Current et al. v. Citizens' Bank, 16 N.M. 642, 120 P. 307, that the above mentioned statute does not preclude the court from permitting defendant to amend his answer by interlineation.

Appellant asks a reversal of the judgment and that we direct that a judgment be entered in his favor quieting his title based upon a tax deed.

Appellee concludes its brief as follows: "Although the record may not be satisfactory, there is sufficient shown, in our opinion, to sustain the Decree of the Court,

and we respectfully submit that the Judgment and Decree of the District Court should be affirmed. In the event this Honorable Court cannot affirm the judgment of the lower Court, we believe in the interest of justice, it should be remanded for a new trial, so that all issues may be fully litigated."

Appellant says in his brief: "We want this court to fully understand that we have no hesitancy in litigating any issues that may be presented in this case. We had the evidence available to do so at the time of trial, and, unless unforeseen circumstances intervene, we will have it available in the future for some time, at least."

█ Under all the circumstances, after a careful consideration of the record, the decision is that the cause be remanded with direction that the district court set aside its judgment and permit the parties to reframe the issues in such manner as the discretion of the court may approve, permitting such additional evidence to be presented and received as may be proper, and thereafter make such disposition of the case as may be appropriate.

We call attention to Paragraph 10 of Rule XIV of the Rules of Appellate Procedure relative to supplemental transcripts on second appeal, which was formulated for the purpose of meeting situations in the nature existing in the case at bar, and

It is so ordered.

BRICE, C. J., and ZINN and MABRY, JJ., concur.

SADLER, J., did not participate.