## HOWARD v. JENNINGS.
### No. 12735.

Circuit Court of Appeals, Eighth Circuit.
March 7, 1944.

George T. Priest, of St. Louis, Mo. (Robert E. Moloney, of St. Louis, Mo., on the brief), for appellant.

Frank L. Ramacciotti, of St. Louis, Mo., and Ira B. Burns, of Kansas City, Mo., for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

On the 11th day of October, 1934, the appellee was awarded an interlocutory judgment of divorce from appellant by a California court. The judgment provided that appellant should pay to appellee the sum of $40 a month for the maintenance of herself and minor child until the further order of the court. Final judgment was entered by the California court as of the 17th day of October, 1935. On November 24, 1941, appellee brought this suit in the District Court to recover accrued installments under the divorce judgment, aggregating $3,400, exclusive of interest and costs. Appellant's answer was a general denial and the allegation that the judgment sued on was not a final judgment, because the appellant had filed a motion in the California court seeking its modification, on the ground that the appellee had remarried on April 21, 1936, after the judgment of the California court, and that under California law appellee was not entitled to alimony after her remarriage.

The record discloses that the motion referred to in the preceding paragraph was filed in the California court, and that the appellee also filed a motion to correct errors in the original judgment. We are not advised as to the exact contents of either motion, nor whether they were filed before or after the institution of the present suit. It is shown, however, that, after the institution of this suit in the District Court and after the filing of appellant's answer and during the course of the trial of the motions in the California court, the parties entered into a stipulation agreeing to the modification of the California judgment by providing for the payment by appellant to appellee of $40 a month for the support of the minor child of the marriage from the 11th day of October, 1934, to and including the 11th day of April, 1936, and thereafter for the payment for the same purpose of $30 a month, and by deleting from the original judgment of divorce any provision for the payment of alimony by the appellant. The stipulation further provided that the order of modification to be made by the California court pursuant to the stipulation should become final as of the date of its entry, and that each party to the stipulation waived all right to move for a new trial of the motions pending before the court, and all right of appeal. On the 18th day of September, 1942, the California court approved the stipulation and entered judgment accordingly.

On December 11, 1942, appellee filed in the District Court a supplementary petition, setting out the facts concerning the modification of the California judgment. Appellant's motion to strike the supplementary petition on the ground that it set up an entirely different claim from that alleged in the original complaint was denied. At the time of the filing of appellee's supplemental petition, the accrued and unpaid installments due her under the California judgment, as amended, amounted to $3,080, exclusive of interest and costs. At the date of the filing of the original petition the accrued installments under the judgment as modified would have aggregated only $2,740.

At the trial in the District Court the appellant offered no evidence. He objected to the jurisdiction of the court on the grounds, (1) that the requisite jurisdictional amount was not involved, and (2) that it appeared from the record that judgment in the California divorce proceeding was not a final judgment, and hence not entitled to full faith and credit in the District Court. Const. of the United States, Article IV, Section 1. Both objections were overruled. The District Court concluded that the judgment sued on was a final judgment, that the subsequent judgment of modification was void on its face because beyond the power of the California court, that the stipulation of the parties for modification of the judgment constituted an agreement to reduce the amount which appellee was otherwise entitled to recover, that the supplementary petition was properly filed to advise the court of occurrences after the institution of

the suit, and that the jurisdictional amount was involved in the proceeding. Judgment went for appellee for $3,110, the sum accrued at the time of the entry of judgment. This appeal questions all of the rulings of the District Court.

 In the view we take of this case, it is not necessary to decide whether the judgment of the California court was, at the institution of the present action, a final judgment entitled to full faith and credit in the District Court. Assuming that appellant's interpretation of the California law is correct, his contention in that respect presented a question of law for the District Court to decide in the action before it. There was no question but that diversity of citizenship between the parties to the action existed at the time of its institution in the District Court. The complaint alleged that the judgment sued on was a final judgment and that the requisite jurisdictional amount was involved in the controversy. If the judgment was final, the law fixed the sum in controversy at the amount alleged in the complaint. It can not be said from the pleadings that there was a legal certainty at the time of the institution of the suit that the appellee could never recover the jurisdictional amount. That appellee may have misinterpreted the law is not alone sufficient to indicate that her action was not brought in the Federal court in good faith, or to deprive that court of jurisdiction to decide the question of law in dispute between the parties. Sparks v. England, 8 Cir., 113 F.2d 579, 582; St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845.

Nor did the court err in denying appellant's motion to strike the supplemental complaint. City of Texarkana, Texas, v. Arkansas Louisiana Gas Co., 306 U.S. 188, 59 S.Ct. 448, 83 L.Ed. 598. The supplemental pleading brought into the record matters occurring after the institution of the suit. See Rule 15(d) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It did not constitute an abandonment of appellee's contention that the judgment sued on was final as originally entered, but served only to show that the California court, on the parties' stipulation to that effect, had reduced the amount recoverable under the California judgment by an agreed reduction in the amount of the monthly installments; and that the judgment in question had become a final judgment for the reduced amount. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann.Cas. 1061; Keck v. Keck, 219 Cal. 316, 26 P.2d 300, 302; Handschy v. Handschy, 32 Cal.App. 2d 504, 90 P.2d 123.

The judgment of the District Court is affirmed.