215 P.2d 819

**ALBUQUERQUE BROADCASTING CO. v. BUREAU OF REVENUE et al.**

No. 5236.

Supreme Court of New Mexico.

Feb. 28, 1950.

See, also, 216 P.2d 698.

see Albuquerque Broadcasting Co. v. Bureau of Revenue, 51 N.M. 332, 184 P.2d 416, 431. The appellant and appellee in the first appeal have their status as litigants reversed in this, the second appeal. In the former appeal the judgment was reversed and cause remanded with instructions. The original opinion provided: "The judgment is reversed and cause remanded with instructions to the district court to set aside its judgment, grant appellant a new trial, and proceed therein not inconsistent herewith."

We stated in the opinion on rehearing: "The appellant by its pleadings and the Court by its findings have segregated the taxable from the non-taxable, except as to amount, and that may be determined upon a new trial, which will be limited to a determination of the amount paid on local broadcasting. All other funds collected by appellee must be returned to appellant."

The mandate of this court is in the following language:

"The State of New Mexico to the District Court sitting within and for the County of Santa Fe, Greeting:

Joe L. Martinez, Atty. Gen., Walter R. Kegel, Asst. Atty. Gen., Louis C. Lujan, Santa Fe, for Bureau of Revenue.

Hannett & Hannett, Albuquerque, for appellee.

Don Petty, Washington, D. C., amicus curiae.

BRICE, Chief Justice.

This is the second appeal of this case. For the purpose and nature of this action

"Whereas, in a certain cause lately pending before you, 19984 on your civil docket, wherein Albuquerque Broadcasting Company, a corporation, was plaintiff, and Bureau of Revenue of the State of New Mexico, R. L. Ormsbee, Commissioner of said Bureau, and Earle Kerr, Director of the

School Tax Division of said Bureau, were defendants, by your consideration in that behalf judgment was entered against said plaintiff, and

"Whereas, said cause and judgment were afterwards brought into our Supreme Court for review by plaintiff by appeal, whereupon such proceedings were had that on August 11, 1947, and September 10, 1947, opinions were handed down and the judgment of said Supreme Court was entered reversing your judgment aforesaid and remanding said cause to you;

"Now, Therefore, this cause is hereby remanded to you with instructions to set aside your judgment, grant appellant a new trial, and proceed therein not inconsistent with said opinions and the judgment of this Court."

The new trial was limited to entering judgment for the appellant Broadcasting Company (appellee here) for the money paid by it as taxes, less the amount paid for local broadcasting. The amount for which judgment was ordered to be entered was easy of determination. But in violation of this Court's mandate, the district court permitted the plaintiff to amend its complaint, and then proceeded to try the whole case anew. From the new evidence introduced (some 500 pages) the district court came to the conclusion that this court had erred, and thereupon entered judgment against defendant for the whole sum sued for, in direct violation of the opinion and mandate of this court.

Our opinion was, and is, the law of the case, which the district court must strictly follow, State ex rel. Del Curto v. District Court, '51 N.M. 297, 183 P.2d 607; and in case there is any conflict between this Court's opinion and its mandate, the mandate must give way to the opinion. First National Bank of El Paso v. Cavin, 28 N.M. 468, 214 P. 325. As there could be no new trial of the issues, no amendment of the complaint was authorized, City of Orlando v. Murphy, 5 Cir., 94 F.2d 426.

The judgment is reversed and cause remanded to the district court with instructions to set aside its judgment; and thereafter enter the following orders:

(1) Striking plaintiff's (appellee's) amended complaint from the files.

(2) Striking all proceedings (except the order setting aside the original district court judgment) had by the trial court after the filing of the mandate of the Supreme Court in the first appeal.

After such orders are entered then proceed to take an accounting *for which alone* evidence shall be introduced, and determine and make the following findings of fact:

(a) The amount of the taxes received on account of all broadcasting programs denominated in our original opinion:

"(a) Network programs supplied by national network broadcasting companies through the State of New Mexico on the interstate wires of the American Telephone and Telegraph Company, which wires are tapped by KOB at Albuquerque. These chain broadcasting companies programs so transmitted and tapped originate in studios maintained in other states and countries.

"(b) National spot advertising which is a program supplied by national advertisers and reaches the studio of the plaintiff for broadcasts by means of transcription from outside of New Mexico, or by phonograph records or transcriptions transmitted in interstate commerce from other states to the KOB studio for broadcasting."

(b) Determine the amount of tax money paid by appellee to appellant as taxes on local advertising broadcasts which originated locally in the studios of appellee.

After finding the above facts, enter judgment for the appellee for the amount of tax money paid on broadcasts determined in our original opinion to be interstate, with interest, if any, provided by law; and deny recovery by appellee of money paid by it as taxes on local advertising broadcasts which originated locally in appellee's studios.

We held in the first appeal that all local broadcasting is not necessarily interstate commerce merely because such broadcasts may be heard beyond the borders of a state; and that the burden was on appellant (appellee here) to establish a right to the return to it of the tax money, or some part of it, which it paid to the state under protest. This burden appellant did not meet as to local broadcasts. It rested its case wholly upon the assumption that *all broadcasting,* local or otherwise, over its station was interstate commerce; which we held, and now hold is not necessarily true. There is no finding or evidence indicating that any of the local broadcasts over KOB was interstate commerce. See Albuquerque Broadcasting Co. v. Bureau of Revenue, supra; Western Live Stock v. Bureau of Revenue, 303 U.S. 250, 58 S.Ct. 546, 82 L. Ed. 823, 115 A.L.R. 944; Beard v. Vinsonhaler, Ark., 221 S.W.2d 3; appeal to the Supreme Court of the United States was dismissed "for want of a substantial Federal question." Vinsonhaler v. Beard, 338 U.S. 863, 70 S.Ct. 146, 94 L.Ed. ——.

Reversed and remanded with directions.

It is so ordered.

LUJAN, SADLER, McGHEE and COMPTON, JJ., concur.