273 P.2d 963

**PRIMUS  v.  CLARK et al.**

No. 5718.

Supreme Court of New Mexico.

Aug. 12, 1954.

Rehearing Denied Sept. 25, 1954.

Henry J. Hughes and Fletcher A. Catron, Santa Fe, for appellant.

Watson, McIntosh & Watson, Santa Fe, for appellees.

SADLER, Justice.

The present appeal represents the third appearance in this Court, on one phase or another of the litigation involving the tangled property rights of appellant (plaintiff) and her former husband, Allan B. Clark, whose death has occurred pendente lite, resulting in the substitution as defendant herein of Joy Cassidy Clark, both individually and as Executrix of the Last Will and Testament of Allan B. Clark, deceased. The defendant last named was married to Allan B. Clark, following a divorce decree severing the bonds of matrimony between appellant and Allan B. Clark. The latter and appellant, the day before their divorce, had entered into a written settlement agreement under date of June 22, 1936, the cancellation of which was sought by appellant in the suit resulting in the appeal brought before us in Primus v. Clark, 48 N.M. 240, 149 P.2d 535.

The review just mentioned resulted in a reversal of the judgment appealed from and a remand to the trial court with directions, as follows:

"This case is unusual, and the results so unjust that we will exercise our inherent power to determine whether in fact the cause of action is barred by laches or limitations, by a reversal for a finding upon two questions of fact, to-wit:

"1. Whether the defendant at the time of the execution of the deed and contract in question had the fraudulent present intent not to perform the contract on his part, and if so

"2. The date upon which such fraud was discovered by plaintiff.

"Also to determine from such facts as it may find, whether plaintiff's cause of action is barred by the statute of limitation or if she is estopped to prosecute her suit by her laches.

"The cause is reversed and remanded with instructions to the district court to set aside the decree, to hear evidence to determine the questions of fact mentioned, and with findings made therefrom, state his conclusion of law as to whether plaintiff's cause of action is barred by the statute of limitation or whether she is estopped to prosecute her action because of her laches; and to enter a decree consistent herewith. It is so ordered. "

Following remand the mandate was filed below on July 6, 1944, and no further action having been taken in the case, three separate motions to dismiss were filed by the then current defendant, the first on January 4, 1947, the second on December 30, 1949, and the third on February 10, 1950. Each motion was denied, in turn. Whereupon the defendant, Allan B. Clark, on February 10, 1950, applied to this Court

for a writ of mandamus to compel a dismissal by the district court under the provisions of 1941 Comp. § 19–101 (41) (e), authorizing same where more than two (2) years have elapsed without action by a plaintiff to bring his case to a final determination. We held the statute or rule was inapplicable where the action had been previously brought to final determination, appeal had been prosecuted and a new trial had been ordered.

While the mandamus proceeding was pending before us, Allan B. Clark, the petitioner therein, died following an automobile accident and his wife, one of the present defendants, was substituted as petitioner therein, both individually and as executrix aforesaid. The mandamus proceeding resulted in a holding that the alternative writ had been improvidently issued and it was discharged for the reason above stated.

Thereafter, and on February 9, 1951, the plaintiff below, appellant here, asked leave to file a supplemental complaint and leave was granted by the trial court and supplemental complaint was filed February 23, 1951. It should be stated, also, that by reason of a conveyance by the said Allan B. Clark and Joy Cassidy Clark, his wife, to John T. Watson and Jane Watson, his wife, by deed dated January 11, 1949, of the ranch property involved (the grantees having reconveyed the property one day later to their grantors, Allan B. Clark and Joy Cassidy Clark as joint tenants), the Watsons named were made parties defendant herein. John T. Watson entered a voluntary appearance in the case and on April 19, 1951, filed an answer to plaintiff's supplemental complaint, which had been filed pursuant to leave of the court. Likewise, and on March 29, 1952, the defendant (appellee) both individually and as executrix aforesaid, filed in the cause her amended answer to the supplemental complaint filed by plaintiff.

Thereafter and on August 18, 1952, a pre-trial conference in the case, participated in by the trial judge and all attorneys in the case was held, in the chambers of the judge in Santa Fe at which the issues of law in the case were settled. On June 23, 1953, a certificate of non-appearance as to the defendant Jane Watson was filed to be followed a few days later, to-wit, on June 29, 1953, by entry of an order of dismissal of plaintiff's cause of action, from which the present appeal is prosecuted. In due course and under date of June 29, 1953, the trial court entered its judgment dismissing the cause. The judgment in question reads:

'Judgment Dismissing Cause

"This cause coming regularly on for hearing on the 18th day of August, 1952, on the issues of law arising upon the supplemental complaint and the

amended separate answer of Joy Cassidy Clark, individually and as Executrix of the Last Will and Testament of Allan B. Clark, Deceased, and the amended separate answer of Defendant John T. Watson;

And the Plaintiff appearing by Messrs. Henry J. Hughes and F. A. Catron, her Attorneys, and the Defendants appearing by Watson, McIntosh & Watson, their Attorneys;

And the Court having read the said pleadings, and having heard the arguments of Counsel, and having taken the said cause under advisement on the said issues of law, and being now fully advised in the premises;

Now, upon said issues of law, the Court holds, rules and concludes:

"1. The filing of the Supplemental complaint at Plaintiff's request, and without objection on the part of the Defendant, and the failure to incorporate in and bring forward into said Supplemental complaint any of the allegations of the original complaint, constitute an abandonment of said original complaint; and the cause is now before the Court on the allegations of the supplemental complaint only;

"2. The mandate of the Supreme Court in cause No. 4768, being the appeal of this cause, directed this Court to hear evidence and make findings touching issues then in the cause, but which have been abandoned by the filing of the supplemental complaint. Findings by this Court as directed in said mandate would be immaterial to any issue now in this cause; and any judgment for the Plaintiff based on such findings, would be without any pleading or allegations of fact to support it.

"3. It appears on the face of said supplemental complaint that Allan B. Clark the original defendant herein, died on or about the 17th day of April, 1950, and that long prior to the filing of the supplemental complaint his last will and testament was offered for probate, admitted to probate, and that since long prior to the filing of said supplemental complaint his estate has been under administration in the Probate Court of Santa Fe County.

"4. This Court is without jurisdiction of any of the several causes of action set forth in the supplemental complaint, it not being made to appear that any claim on or touching the said several causes of action, or any of them, has been presented to the Probate Court of Santa Fe County as a claim against the said estate of Allan B. Clark, and disallowed;

"And upon the foregoing holdings, rulings and conclusions,

"It is ordered, adjudged and decreed, and the Court doth hereby order, ad-

judge and decree, that the said supplemental complaint, and each and every cause of action set forth therein, and this cause, be, and they are hereby dismissed; and that the Defendants recover and have judgment for their costs herein to be taxed."

While several points with questions ancillary thereto are argued at length in the briefs filed by counsel for appellant, there appears to be one important question confronting us at the outset which, determined as contended by the appellee (defendant), would prove decisive. It is a procedural question, to be sure. Nevertheless, it is one which must be answered and resolved as appellee contends, supports the judgment. Tersely put, the question is to be stated thus: If following remand, the appellant (plaintiff) secures leave to file and does file a supplemental complaint which omits to raise by appropriate allegation the sole issue the cause was sent back to determine may the appellant, having thus ignored the allegations of her original complaint, set up new and different causes of action foreign to the question submitted by the mandate and compel a trial thereon? The judge ruled it could not be done, and we are compelled to affirm the correctness of that ruling.

Now, to apply the question to the present facts. As disclosed by a reading of the opinion of the court in Primus v. Clark, supra, the appellant sued to set aside a certain deed and contract, as well as verbal commitments incident thereto. This court, after reviewing the record, reversed the cause and remanded it with a specific direction to the trial court to determine an issue held to be within the pleadings, but on which no finding was made or requested, namely, whether at the time of executing the deed and contract sought to be cancelled Clark, the original defendant, entertained a present intention not to perform the promises made as contained in his deed and contracts.

If he did then entertain this fraudulent intent, it next becomes important to ascertain when the appellee, his wife at the time, first learned of his fraud in the respect mentioned. Only then could the trial court pass considered judgment on the additional question submitted for determination on remand, namely, whether the appellee's cause of action was barred by limitations or laches. In other words, was she barred or estopped to prosecute the cause of action set up?

It is thus to be seen that the second question mentioned does not arise unless the trial court supplies by a finding an affirmative answer to the first question. It must first affirm from the evidence existent in the mind of appellee's husband at the time he promised a preconceived intention not to do as promised, Anderson v.

Reed, 20 N.M. 202, 148 P. 502, L.R.A. 1916B, 862, before it becomes important to ascertain when she, the then wife, first discovered the husband's perfidy. A negative answer to the first question submitted by our mandate excuses, of course, an answer to the second question touching limitation, or laches.

With this much of background furnished from the first appeal in Primus v. Clark, supra, to the opinion on which we would refer for a fuller statement of the facts in the earlier case, we proceed now to a discussion of the controlling considerations which, as we view the matter, are determinative of this appeal. First, we look to the mandate on the former appeal. It submitted two questions, said fairly to arise on the record as it came to us on that appeal, for determination on the remand of the case. There is no need to recite them again.

■ We start out in our consideration of the question presented mindful of this language from our opinion in State ex rel. Del Curto v. District Court of Fourth Judicial District, 51 N.M. 297, 183 P.2d 607, 614, to wit:

"The district court lost complete jurisdiction of the Del Curto case when it was appealed to this court. Upon remand it regained only such jurisdiction as the opinion and mandate of this court conferred."

See, also, Albuquerque Broadcasting Company v. Bureau of Revenue, 54 N.M. 133, 215 P.2d 819.

Now what jurisdiction was conferred upon the remand of this case? To do exactly one thing, certainly—two provisionally. That much and no more. The one thing it was certainly called upon to do was to ascertain whether the husband entertained a fraudulent intent, coincident with his promise, not to perform it. If the answer to that was negative, the inquiry was at an end. If affirmative, then the further inquiry arose as to when the wife learned of this perfidy on the part of her husband, to the end that the court could say whether limitations or laches barred her suit.

Whether from fear she could not prove the decisive primary issue thus submitted on remand or for some other seemingly good reason; or perhaps an ill-considered one which the record does not suggest and we are unable to surmise, the appellant chose not to attempt proof of this 'decisive issue tendered in her original complaint. Instead, she asked and secured leave of the court to file a supplemental complaint setting up six (6) separate causes of action, in not one of which is to be found tendered as an issue the fundamental inquiry which under the mandate and opinion on the former appeal the cause was remanded to ascertain.

In our Rules of Civil Procedure, 15(e), we find a direction that in every complaint a party shall set forth in *one entire pleading* all matters necessary to the proper determination of the action or defense. It reads:

"(e) *All Matters Set Forth In One Pleading.* In every complaint, answer, or reply, amendatory or supplemental, the party shall set forth in one entire pleading all matters which, by the rules of pleading, may be set forth in such pleading, and which may be necessary to the proper determination of the action or defense." N.M.S.A. 1947, §19–101 (15) (e).

What is the effect of appellee's failure to tender as an issue in her supplemental complaint the only matter it was given jurisdiction to ascertain on remand? We find the answer to this pertinent inquiry in our own decisions. Albright v. Albright, 21 N.M. 606, 157 P. 662; Pople v. Orekar, 22 N.M. 307, 161 P. 1110; Klasner v. Klasner, 23 N.M. 627, 170 P. 745; State ex rel. Peteet v. Frenger, 34 N.M. 151, 278 P. 208; Weeks v. Bailey, 35 N.M. 417, 300 P. 358; Home Owners' Loan Corporation v. Reavis, 46 N.M. 197, 125 P.2d 709.

"* * * the plaintiff must be held to have abandoned all the allegations in his original complaint, not carried forward into his amended or supplemental complaint." Albright v. Albright, supra [21 N.M. 606, 157 P. 665].

"A failure to comply with the statute would * * * operate as an abandonment of the original pleading". Pople v. Orekar, supra [22 N.M. 307, 161 P. 1112].

"So long as the amended pleading stands, it alone is, no doubt, to be looked to as determining the cause of action or defense and the issues and to support the judgment." State ex rel. Peteet v. Frenger, supra [34 N.M. 151, 278 P. 209].

With this much determined adversely to appellant there seems little purpose in pursuing a discussion of the other points argued at some length by her counsel. Likewise, there is as little purpose in taking up and ruling upon the further contention of counsel for appellee that even if our decisions under Rule 15(e) do not debar appellee's suit, she is out under another defense, namely, for failure to present her claims for allowance in the probate court within the time provided by statute, as to which appellee's counsel say that court would lack jurisdiction in the premises as to some of said claims, and as to which we answer neither yea nor nay.

In view of the numerous quotations from the opinion of Chief Justice Brice in Primus v. Clark, supra, with the writer noted as concurring, it is pertinent to ob-

serve before closing that what is there said does not have the concurrence of a majority of the justices, even though the three remaining justices did concur in the result. This fact is noted in the subsequent cases of Newton v. Wilson, 53 N.M. 480; 211 P.2d 776, and Curtis v. Curtis, 56 N.M. 695, 248 P.2d 683. Hence, it is scarcely accurate to choose given passages from that opinion and characterize them as reflecting the views of the court. Maybe they do, but one can not say so with assurance. What we do know is that in Primus v. Clark, supra, there was unanimous concurrence in remanding the cause for the trial court to determine a vital issue for such effect as it might be adjudged to have on plaintiff's rights. She rejected the opportunity thus afforded her to have that issue determined. Why, we do not know. We are convinced, however, that the trial court correctly ruled the state of the pleadings forbade a recovery by her. Its judgment must stand affirmed.

It will be so ordered.

McGHEE, C.J., and COMPTON and LUJAN, JJ., concur.

SEYMOUR, J., concurring specially.

SEYMOUR, J., (concurring specially).

While I concur in the disposition made of this case by the majority, I believe that the grounds of the majority opinion are erroneous.

Our Rules of Civil Procedure 15(d) and 15(e) read as follows:

15(d) "Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."

15(e) "All Matters Set Forth In One Pleading. In every complaint, answer, or reply, amendatory or supplemental, the party shall set forth in one entire pleading all matters which, by the rules of pleading, may be set forth in such pleading, and which may be necessary to the proper determination of the action or defense."

By the Laws of 1897, ch. 73, §§ 87 and 89, our legislature adopted from Missouri the following two statutes, the first of which has been superseded by Rule 15(d), supra, (the federal rule adopted verbatim in 1949), and the second of which has been retained in our rules unchanged and has no counterpart in the federal rules:

§ 105–612, N.M.S.A. 1929 Comp.:

"Supplemental pleadings. A party may be allowed, on motion, to make a supplemental complaint, answer or reply, alleging facts material to the cause, or praying for any other or different relief, order or judgment. (L. '97, Ch. 73, § 87; C.L. '97, § 2685; Code '15, § 4169.)"

§ 105–614, N.M.S.A. 1929 Comp.:

"Pleadings to be entire. In every complaint, answer or reply, amendatory or supplemental, the party shall set forth in one entire pleading all matters which, by the rules of pleading, may be set forth in such pleading, and which may be necessary to the proper determination of the action or defense. (L. '97, Ch. 73, § 89; C.L. '97, § 2685; Code '15, § 4171.)"

It will be noted that Rule 15(e) . has remained unchanged since its original adoption from the Missouri statute, while Rule 15(d) contains a substantial change from the Missouri statute which it supersedes.

It is my understanding of the majority opinion that Rule 15(e) is asserted to require a supplemental pleading to reallege all of those allegations of an original pleading upon which the pleader intends to rely, and that a failure to do so con-stitutes abandonment of the original pleading to the extent of such failure.

The only case in support of this conclusion is Albright v. Albright, 1916, 21 N.M. 606, 157 P. 662, Ann.Cas. 1918E, 542, which case did reach such a conclusion in construing our original statutes adopted from Missouri. However, our original statute on supplemental pleadings taken from Missouri provides for the alleging in a supplemental pleading of *any* facts material to the cause. Rule 15(d), which supersedes this particular Missouri statute, provides for a supplemental pleading "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented", and in its concluding sentence, provides for a response by the adversary party to the supplemental pleading if the court deems it advisable and so orders.

In other words, Rule 15(d) is very different from the original Missouri statute concerning supplemental pleadings, and all of the texts on the federal rules assert that the true office of Rule 15(d) is the presentation of matter related to the claim or defense presented in the original pleading *but occurring subsequent to the filing thereof.*

In my judgment, the holding in Albright v. Albright, supra, and of the Missouri·

cases there cited, is based entirely upon the fact that there was no accurate limitation in the original Missouri act of the matters which might be appropriately included in a supplemental pleading; this, for the purpose of clarity, required that all matters in issue should be alleged in the single supplemental pleading. When the Missouri act on supplemental pleadings was superseded by Rule 15(d), limiting supplemental pleadings to matters occurring subsequent to the original pleading, the foundation for the holding in the Albright case was removed and that case is no longer of any relevance in construing Rule 15(d).

Finally, Rule 15(e) remains an effective, proper and useful rule without giving it the meaning adopted by the majority. As I read that rule, only these subsequent events may be set forth in such supplemental pleading and, as to such subsequent events, all matters necessary to their proper determination must be alleged in that single supplemental pleading. The case of Howard v. Jennings, 8 Cir., 1944, 141 F.2d 193, would seem authority for this position. Further, under the holding of the majority, I see no distinction between a supplemental pleading and an amended pleading. If this is true, Rule 15(d) is eliminated as a tool of the practicing lawyer and it is meaningless to have it in the books.