George J. SMITH, Respondent,

v.

AMERICAN NATIONAL INSURANCE COMPANY, a Corporation, Appellant.

No. 22184.

Kansas City Court of Appeals.

Missouri.

May 2, 1955.

Kenneth I. Fligg, Warren E. Slagle, Cornelius E. Lombardi, Jr., Kansas City, Lombardi, Fligg, McLean & Slagle, Kansas City, of counsel, for appellant.

Wm. Coleman Branton, Lawrence R. Brown, Kansas City, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, of counsel, for respondent.

SPERRY, Commissioner.

This is a suit on a policy of insurance providing for hospital and surgical indemnities. The policy was issued to plaintiff's wife by defendant. Insured was hospitalized and underwent an operation for goiter. Plaintiff sought and obtained, in this action, a judgment for expenses incurred thereby, in the sum of $346.50. Defendant appeals.

The policy was issued November 10, 1951. It provides for the payment of indemnities toward hospital expenses "caused * * * by sickness which originates after thirty days from its date of issue and causes hospital confinement while this policy is in force, * * *." It provides for payment of surgical indemnities provided that "surgical indemnity on account of such sickness shall attach only if 'such sickness' has its inception more than ninety (90) days from date of issue."

Insured entered Research Hospital and was, on November 10, 1952, while the policy was in full force, operated on for removal of thyroid adenoma (non-toxic) goiter. Defendant denied liability on the ground that the "sickness" for which insured was hospitalized and surgically treated, *originated* and had its *inception* prior to the issuance of the policy or, rather, that it did not originate more than 30 days thereafter. Defendant does not question the amount of the judgment, but questions plaintiff's right to recover any amount.

■ It is a cardinal principle of insurance law that in order to make a submissible case for recovery on a contract of insurance there must be offered substantial evidence tending to prove that the claim sued on is one within the coverage provided by the terms of the contract. Citation of authority is unnecessary. Unless the record here reflects such evidence plaintiff failed to make a submissible case.

■ Is there substantial evidence tending to prove that insured's sickness, for which she was hospitalized and treated, originated or had its inception *more than 30 days after issuance of the policy?*

Plaintiff testified to the effect that, in 1950, insured was suffering from a nervous condition; that she was treated by Dr. Ferris for that condition; that, in 1952, Dr. Ferris told plaintiff that insured should have an operation for removal of a goiter; that this was the first that plaintiff knew about such a condition; that insured did not discuss the goiter operation with plaintiff until August, 1952; that insured underwent such an operation at Research Hospital during the first part of November, 1952; that she was in hospital seven or eight days; that he had paid all charges therefor; that demand for indemnification had been made on defendant, and payment refused.

Dr. Ferris testified to the effect that he first saw and examined insured in November, 1950; that he thoroughly examined her; that he found a thyroid adenoma (goiter); that insured was subjected to a series of tests and it was determined that the adenoma was non-toxic, that it was static, and that it in no wise contributed to insured's nervous condition, for which she was then being treated; that she was, at the time of the trial, suffering from a nervous condition, to the extent that he had advised that she not appear as a witness; that she was still Dr. Ferris' patient.

On cross-examination Dr. Ferris stated that a symptom of *toxic* goiter is nervousness; that the type of adenoma goiter from which insured suffered does not cause nervousness unless it becomes toxic; that a goiter is an abnormal development of the thyroid gland; that it is a pathological condition; that a pathological condition is a diseased condition; that the operation for

removal of the goiter was for the removal of the same condition which he found in November, 1950.

Plaintiff identified various of defendant's exhibits, including No. 2, one part thereof being "Physician's Hospitalization Statement" and the other being "Claimant's Hospitalization Statement." He stated that these statements were a part of the proof of claim filed by him in this case. In "Claimant's Statement" it appears that Dr. C. J. Hunt performed the operation and, in "Physician's Hospitalization Statement" the following appears:

"2. Nature of sickness or disease. (List all) adenoma of thyroid.

"(a) 'I was first consulted on 3rd day of Nov. 1952.

"(b) In your opinion how long prior to your first consultation had the cause of the condition existed? 2 years.'

"* * * * * *

"(d) To what do you attribute the cause of the disease or condition? Adenoma of Thyroid."

* * * * * *

Plaintiff stated that Dr. Hunt signed the above "Physician's Statement."

Hospital records were also admitted in evidence and, in exhibit 8, under the heading "Admitting diagnosis" the following appears:

"Chief complaint: Lump in throat— two plus years.

"History present illness: Over two years ago this patient noticed a mass in her neck, just above sternum. She saw an M.D. who told her she had goiter. This has enlarged evenly and regularly. She now feels a pulling in her neck occasionally. There has been no unusual recent rapid growth."

In exhibit 9 the following appears: "Impression: one nodular non-toxic goiter (thyroid adenoma). Rule out malignant change. M. C. Warren."

The uncontradicted testimony of Dr. Ferris established that insured had a fully developed non-toxic goiter (thyroid adenoma) in November, 1950. The physician's statement, signed by Dr. Hunt, is corroborative of Dr. Ferris' testimony, and it was not contradicted or explained. The hospital records were also uncontradicted and unexplained. They established the fact that insured had a goiter two years prior to her operation, that it had gradually increased in size, but that there had been no unusual sudden or rapid growth of same. The hospital records also proved that the goiter, when removed, was non-toxic, as it was when first discovered by Dr. Ferris. Lastly, Dr. Ferris stated that the goiter, when first discovered, constituted a diseased condition and that same condition was removed by the operation. The evidence in this case constitutes conclusive proof of the fact that insured's condition, for which she was operated on, existed at the time the policy was issued.

The facts herein are vitally different from those appearing in Hilts v. U. S. Casualty Company, 176 Mo.App. 635, 642, 159 S.W. 771, 773, and other cases of like character. There it was ruled that an insured might recover for an operation caused by hernia "* * * though it may be that plaintiff had a *predisposition* to hernia or that by violent physical exertion, *prior* to the issuance of the policy, the inguinal ring was weakened, causing the hernia to *subsequently* develop. * * * that one may have what is called *incipient* hernia, or a *predisposition* thereto * * * without complete hernia ever developing." (Italics ours.)

In the case at bar, the *goiter* existed long before the policy was issued; there is no question of a *predisposition* to goiter or of an *incipient* goiter. It was then non-toxic and, at the time it was removed, it was still non-toxic. There had been no unusual, sudden or rapid change. Dr. Ferris stated that the condition removed was the *same* condition that he found in 1950. Defendant, by the terms of the insurance contract, was not liable for hospitalization

due to a condition existing when the contract was made.

The judgment should be reversed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed.

DEW, P. J., CAVE, J., and WEIGHTMAN, S. P., concur.

BROADDUS, J., not sitting.