381 P.2d 673

**William Robert CHRONISTER, a minor, by his next friend, Bill Chronister, and Bill Chronister, individually, Plaintiffs-Appellants and Cross-Appellees,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee and Cross-Appellant.**

**No. 7191.**

Supreme Court of New Mexico.

May 13, 1963.

Harris & Cathey, Roswell, for appellants and cross-appellees.

Brown & Brainerd, Roswell, for appellee and cross-appellant.

CHAVEZ, Justice.

This is the second time that this case comes before us. In our prior opinion found in 67 N.M. 170, 353 P.2d 1059, wherein the facts are stated, we held that triable issues of fact were presented and we remanded the case with direction to set aside

the summary judgment and proceed with trial of all triable issues raised by garnishee's answer.

Upon remand, appellants filed a traverse to garnishee's answers of January 14, 1958, and February 20, 1959, in which appellants alleged that the garnishee was indebted to defendant Sparkman under the terms of an automobile insurance policy. Trial on the merits was had resulting in a judgment for garnishee. An appeal and a cross-appeal were granted to this court.

Appellants contend, under their point I, that the trial court lacked jurisdiction to hear anything other than evidence relating to the defense of lack of cooperation by Sparkman. This purported lack of jurisdiction is said to arise from the mandate of this court issued upon the remand of the case from the previous appeal.

The mandate conformed to the opinion of this court rendered on the first appeal, stating:

"NOW, THEREFORE, this cause . is hereby remanded to you with direc- . tion to set aside the summary judgment heretofore entered and proceed with trial by jury, unless jury be waived, of all triable issues raised by garnishee's answer."

The issues are those which were raised by garnishee's answers. The writs of garnishment employed follow the statu-tory form as set forth in § 26-2-13, N.M. S.A., 1953 Comp., and require garnishee, upon whom they were served, to declare its indebtedness to Sparkman and to state whether or not and to what extent garnishee was holding any property or effects of Sparkman. In its answers, garnishee denied that it was indebted to or under liability to Sparkman, and alleged that it did not hold any property, money, credits, or effects of Sparkman. Therefore, the issue was raised as to whether garnishee was liable to or indebted to Sparkman. It placed the burden upon appellants to prove an indebtedness owing by garnishee to Sparkman. Perea v. Colorado National Bank of Texas, 6 N.M. 1, 27 P. 322. This being an issue raised by garnishee's answers, it was within the jurisdiction of the trial court as prescribed by our mandate.

Appellants cite State ex rel. Del Curto v. District Court of Fourth Judicial Dist., 51 N.M. 297, 183 P.2d 607, and Primus v. Clark, 58 N.M. 588, 273 P.2d 963, under this point. These cases are of no help to appellants. In State ex rel. Del Curto v. District Court of Fourth Judicial Dist., supra, the mandate directed the district court to vacate its judgment and dismiss Burguete's cause of action. In Primus v. Clark, supra, the cause was remanded for the determination of two specific issues. It is unquestioned that on remand the district court has only such jurisdiction as the

opinion and mandate of this court confer. State ex rel. Del Curto v. District Court of Fourth Judicial Dist., supra. In the case before us, the cause was remanded with direction to set aside the summary judgment and proceed to trial on all triable issues raised by garnishee's answers.

Appellant's second point is that the accident was within the coverage of the insurance policy issued by garnishee to Sparkman. They base this on the complaints from which the default judgments arose, saying that, by permitting the default judgments to be entered against him, Sparkman admitted all the allegations in said complaints. This is true. Ealy v. McGahen, 37 N.M. 246, 21 P.2d 84. However, in Hollingsworth v. Hicks, 57 N.M. 336, 258 P.2d 724, we said that where the judgment is clear and unambiguous, neither the pleadings, nor the findings or verdict, may be resorted to to change its meaning. The default judgment entered against Sparkman on December 3, 1957, held Sparkman liable to appellants in the amount of $912.04 on the ground that, as a proximate result of Sparkman's maintaining an attractive nuisance, William Robert Chronister was injured and suffered damage. The default judgment entered on January 31, 1959, referred to the judgment of December 3, 1957, and held Sparkman liable to appellants in the total amount of $6,387.96. Notwithstanding the allegations in the complaints to the effect that Sparkman was engaged in the ice cream vending business, selling his merchandise upon the streets of Roswell at the time of appellant's injury, and that there was a musical machine attached to Sparkman's ice cream wagon which created a noise attractive to small children, nothing was said in the default judgments relating to these allegations. There is nothing in the evidence entered in the trial had upon remand, proving or tending to prove these allegations, and appellants do not so contend. Neither is there anything in the rules of res judicata or of collateral estoppel that would be of aid or assistance to appellants in carrying the burden of proof which rested upon them. East v. Fields, 42 Wash.2d 924, 259 P.2d 639; Rogers v. Detroit Automobile Inter-Insurance Exchange, 275 Mich. 374, 266 N.W. 386. They did traverse garnishee's answers, stating that garnishee was indebted to Sparkman under the terms of an automobile insurance policy which was in force at the time of the injury to appellant; however, they made no showing that the injury, which was the basis for the default judgments against Sparkman, was covered by the insurance policy issued by garnishee.

As stated above, the default judgments were predicated upon the maintenance of an attractive nuisance by Sparkman, the attractive nuisance being the music

machine emitting alluring noise. The policy covered Sparkman's ownership, maintenance and use of automobiles and not the use of a music machine. Under the facts of this case, it is not sufficient proof of the liability of an insurer to introduce in evidence a judgment against an insured and an insurance policy issued by the insurer covering the insured's liability under enumerated phases of the insured's activities. The burden of proof is on the plaintiff to establish the policy's coverage of the injurious event. Smith v. American National Insurance Company, (Mo.App.1955), 278 S.W.2d 796; Parker v. Niagara Fire Ins. Co., 30 N.J.Super. 585, 105 A.2d 677; Bliss Ring Company v. Globe and Rutgers Fire Insurance Company, 7 Ill.App.2d 523, 129 N.E.2d 784; Indemnity Marine Assur. Co. v. Cadiente, (9 C.C.A.1951), 188 F.2d 741; Lumbermen's Mutual Casualty Company v. Elbert, 348 U.S. 48, 75 S.Ct. 151, 99 L.Ed. 59. Lack of coverage by the policy is certainly not an affirmative defense to be pleaded and proved by the insurer. This was not a general liability policy, but covered only Sparkman's ownership, maintenance and use of automobiles.

In view of our disposition of this appeal, we need not consider the cross-appeal.

The judgment is affirmed.

It is so ordered.

CARMODY and MOISE, JJ., concur.